# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

**FRANCESCO SANTORA,**
Petitioner, Pro Se,

V.

**COPYRIGHT CLAIMS BOARD et al.,**
Respondents.

**Case No.: [To Be Assigned]**

(5 U.S.C. § 706; 17 U.S.C. § 1506(p))

**PETITION FOR REVIEW OF AGENCY ACTION**

Case: 1:25-cv-01055
Assigned To : Kelly, Timothy J.
Assign. Date : 4/7/2025
Description: Pro Se Gen. Civ. (F-DECK)

## INTRODUCTION

This petition challenges the Copyright Claims Board's (CCB) unlawful assertion of authority over:

- **Fraud-tainted claims** it lacks jurisdiction to hear under **17 U.S.C. § 1506(c)(1)**;

- **High-stakes copyrightability determinations** that raise "major questions" under *West Virginia v. EPA*, 142 S. Ct. 2587 (2022).

The CCB's actions violate both the **Administrative Procedure Act** and fundamental **separation-of-powers principles** recognized in *Loper Bright Enterprises v. Raimondo*, 143 S. Ct. 2429 (2023).

## JURISDICTION AND VENUE

- **Jurisdiction:** 5 U.S.C. §§ 702, 706 (APA); 17 U.S.C. § 1506(p) (CASE Act); 28 U.S.C. §§ 1331, 1338(a).

- **Venue:** 28 U.S.C. § 1391(e)(1) (CCB is a D.C.-based federal entity).

Additionally, **exhaustion of administrative remedies is futile** under *Darby v. Cisneros*, 509 U.S. 137 (1993), because no further relief is available within the CCB.

# STANDARD OF REVIEW

- **Statutory Interpretation:** De novo under *Loper Bright*.

- **Major Questions:** Agencies cannot assert power over economically significant issues without clear congressional authorization (*West Virginia*).

- **Factual Review:** "Arbitrary and capricious" standard (*State Farm*).

# STATEMENT OF FACTS

## A. Fraudulent DMCA Scheme

### Perkins Coie Email (May 15, 2023)

- Respondents' counsel **admitted** issuing DMCA takedown notices regarding Wednesday Addams.

- This **directly contradicts** Respondents' later denials before the CCB.

### Corsearch Contract (2022)

- Documents show Respondents **systematically authorized fraudulent takedowns** through a third party.

## B. CCB's Unlawful Orders

### Order Granting Intervention (Docket 37)

- Permitted Respondents to join **despite concealing** the Perkins Coie email.

### Order Granting Permission to Amendment (Docket 57)

- Allowed claims to proceed **using fraud-tainted evidence**.

- CCB Claims Officer writes the Amendment for the Respondents.

**Order Denying Bad Faith Conference (Docket 43 & 45)**

- Deferred misconduct review **despite 37 C.F.R. § 232.3's candor requirement**.
- **Copyright Claims Board** violates **17 U.S.C. § 1506(y)** making **merits-based determinations on bad faith** rather than statutory standards.

### C. Ultra Vires Copyrightability Determination

The CCB has assumed power to decide **whether Wednesday Addams is independently copyrightable**—an issue with billion-dollar consequences for:

- Netflix's *Wednesday* series (valued at **$1B+**);
- MGM's film rights;
- The *Addams Family* estate's licensing.

The **CASE Act never authorized** this economically significant determination (*West Virginia*).

---

# LEGAL CLAIMS

## COUNT I: APA VIOLATIONS (5 U.S.C. § 706(2)(A))

The CCB acted arbitrarily by:

- **Ignoring** the Perkins Coie email and Corsearch contract (*State Farm*).
- **Violating** its candor rule (*Service v. Dulles*, 354 U.S. 363 (1957)).
- **Applying rules inconsistently** (*Fox Television*, 556 U.S. 502 (2009)).
- Failing to maintain a proper docket, violating federal procedural standards (**Perez v. Mortgage Bankers Ass'n**, 575 U.S. 92 (2015)).
- Creating surprise interpretations without fair notice, exceeding its authority (**Christopher v. SmithKline Beecham Corp.**, 567 U.S. 142 (2012)).

## COUNT II: ULTRA VIRES ACTIONS

| Violation | Legal Limit | Precedent |
|---|---|---|
| Fraud adjudication | § 1506(c)(1) | *Stern v. Marshall*, 564 U.S. 462 (2011) |
| Copyrightability ruling | Major Questions Doctrine | *West Virginia v. EPA*, 142 S. Ct. 2587 (2022) |
| Bad faith merits ruling | § 1506(y) | *Gunn v. Minton*, 568 U.S. 251 (2013) |

The **CASE Act explicitly limits** the CCB's jurisdiction under **17 U.S.C. § 1506(c)(1)**, which bars:

- **Fraud-based claims** from CCB adjudication.

- **Decisions exceeding small-claims copyright scope**, such as billion-dollar copyrightability issues.

By **overstepping these clear statutory limits**, the CCB lacks **any lawful authority** to issue its rulings (*Stern*).

---

## PRAYER FOR RELIEF

Petitioner respectfully requests that this Court:

1. **Vacate** CCB Orders in Docket Nos. 33, 41, and 57.

2. **Declare that:**
   a. The CCB **lacks jurisdiction** over fraud claims.
   b. The CCB **cannot adjudicate high-value copyrightability issues** under **17 U.S.C. § 1506(f)(3)**.

3. **Alternatively, if the amendments are not vacated,** dismiss **Respondent's counterclaims** based on their misrepresentation and denial of the DMCA Notice.

4. **Issue a writ of mandamus** requiring **dismissal within 7 days**.

5. **Grant any other relief** the Court deems just and proper.

Dated: 3/23/2025

Respectfully submitted,

*[signature]*

Francesco Santora
santora@gmail.com
Pro Se Petitioner

# APPENDIX A: PROPOSED ORDER

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF COLUMBIA

Francesco Santora
Petitioner, pro se,

v.

COPYRIGHT CLAIMS BOARD et al.,
Respondents.

Case No. [Insert Case Number]

PROPOSED ORDER GRANTING PETITION FOR JUDICIAL REVIEW AND MANDAMUS RELIEF

Upon consideration of Petitioner's **Petition for Judicial Review and Mandamus Relief**, the record before the Court, and applicable law, and for good cause shown, the Court finds that the **Copyright Claims Board (CCB)** has exceeded its statutory authority under **17 U.S.C. § 1506** and acted arbitrarily and capriciously in violation of **5 U.S.C. § 706(2)**.

Accordingly, it is hereby **ORDERED** that:

1. The **CCB's Orders in Docket Nos. 37, 39, 45, and 57** are **VACATED** as ultra vires and arbitrary under **5 U.S.C. § 706(2)**;

2. The **CCB lacks jurisdiction** under **17 U.S.C. § 1506** to:
   a. **Adjudicate fraud-tainted claims**, as barred by **§ 1506(c)(1)**;
   b. **Rule on substantive copyrightability**, beyond its statutory mandate under **§ 1506(f)(3)** and the **Major Questions Doctrine** (*West Virginia v. EPA*, 142 S. Ct. 2587 (2022));

3. The **CCB is hereby COMMANDED** to **dismiss Respondents' Counterclaim in Case No. 24-CCB-0127** within **7 days** of this Order;

4. The **CCB is ENJOINED** from conducting further proceedings in this matter unless and until compliance with this Order is certified to the Court.

**It is further ORDERED that** the CCB must **conform its docketing and procedural practices to federal standards** as required by 17 U.S.C. § 1506, ensuring all filings, rulings, and orders adhere to:

1. The **Federal Rules of Civil Procedure (FRCP)** and applicable local rules;
2. Established due process protections, including **fair notice, consistency, and transparency**.

SO ORDERED.