UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FRANCESCO SANTORA,**
   Petitioner,
v.
**COPYRIGHT CLAIMS BOARD,**
   Respondent.

Case No. 1:25-cv-01055

# EMERGENCY HYBRID MOTION FOR CLARIFICATION

# AND CONDITIONAL MOTION TO STRIKE

**RE: PENDING MANDAMUS & DISQUALIFICATION MOTIONS**

**AND DOCKETING OF DISPOSITIVE MOTION**

**TO THE HONORABLE COURT:**

**Petitioner respectfully moves for (1) immediate clarification and procedural direction, and (2) in the alternative, conditional striking of Respondent's Motion to Dismiss (Dkt. 24). This hybrid motion preserves the Court's discretion over sequencing threshold issues while protecting the integrity of its docket.**

# I. JURISDICTION AND VENUE

1. This Court has subject-matter jurisdiction under 28 U.S.C. § 1331 (federal question) and mandamus authority under 28 U.S.C. § 1361.

2. Venue lies in this District under 28 U.S.C. § 1391(b), as the events giving rise to this action occurred here.

## II. RULE 7(m) CERTIFICATION

3. Petitioner has emailed DOJ counsel requesting procedural agreement on sequencing or conditional briefing to avoid duplication. No response was received. Petitioner files in good faith under LCvR 7(m).

## III. PENDING MOTIONS

4. Mandamus Petition (Dkt. 19), filed June 13, 2025.

5. Motion to Disqualify DOJ Counsel Jenna Munnelly (Dkt. 23), filed June 23, 2025.

6. Motion to Dismiss (Dkt. 24), filed June 23, 2025, at 6:33 p.m., without addressing Dkts. 19 or 23, without conditional reservation, and without seeking expedited resolution of standing.

## IV. RELIEF REQUESTED

### A. CLARIFICATION AND DIRECTION

7. Petitioner respectfully requests that the Court clarify:

  a. That Dkts. 19 and 23 must be resolved prior to any merits briefing on Dkt. 24;
  b. Whether DOJ must confirm its authority to appear—by filing a sworn § 516 authorization under *Touhey v. United States*, 867 F.2d 534, 535 (9th Cir. 1989), and a statement satisfying LCvR 83.2(d)—before filing dispositive motions;
  c. Whether Dkt. 24 will be stayed or held in abeyance pending resolution of Dkts. 19 and 23.

### B. ALTERNATIVE RELIEF – CONDITIONAL STRIKE

8. If the Court declines to stay or defer Dkt. 24, Petitioner moves to strike it as procedurally void—filed by counsel whose authority remains actively contested and unresolved. Fed. R. Civ. P. 12(d), 12(h).

## V. INTRODUCTION

9. Merits briefing cannot proceed while threshold jurisdictional and disqualification challenges remain pending.

10. "Before an attorney may act . . . he must have authority to appear. Without such authority, any filing is a legal nullity." *Rappaport v. State Farm Lloyds*, No. 99-10720, 2000 WL 1102017, at *2 (N.D. Tex. July 31, 2000).

11. "Disqualification issues should be decided before reaching the merits." *United States v. Ziegler Bolt & Parts Co.*, 111 F.3d 878, 881 (Fed. Cir. 1997).

12. The Court's inherent power to control its docket and counsel is well-established. *Chambers v. NASCO*, 501 U.S. 32, 43 (1991).

13. Permitting contested counsel to shape the record risks "a probability of unfairness" that violates due process. *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868, 887 (2009).

## VI. PROCEDURAL HISTORY

14. May 14, 2025: DOJ confirmed representation by email.

15. June 13, 2025: Mandamus Petition filed (Dkt. 19).

16. June 23, 2025, 10:45 a.m.: Motion to Disqualify filed (Dkt. 23).

17. June 23, 2025, 6:33 p.m.: Motion to Dismiss filed (Dkt. 24), without reference to Dkts. 19 or 23.

18. This sequence reflects procedural gamesmanship: DOJ advanced merits briefing while standing objections remained unresolved, risking duplicative

  briefing and wasted resources (e.g., a July 8, 2025 response deadline).

## VII. ARGUMENT

### A. Clarification Is Necessary to Preserve Judicial Order

  19. "Jurisdiction is a threshold issue that must be resolved before a federal court may reach the merits." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998).

  20. "If a court lacks jurisdiction, its only function is to announce that fact and dismiss." *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514 (1868).

  21. Due process demands orderly sequencing and avoidance of procedural manipulation. *Caperton*, 556 U.S. at 887.

### B. The Motion to Dismiss Is Procedurally Void

  22. "[A]cts taken by unauthorized counsel are subject to nullification." *In re Perry*, 320 F. App'x 543, 545 (9th Cir. 2009).

  23. "Participating in merits briefing while a disqualification motion is pending prejudices the moving party and undermines fair adjudication." *Gamble v. Fresenius Med. Care N. Am.*, No. 4:12CV00011AGF, 2013 WL 2444101, at *2 (E.D. Mo. June 5, 2013).

  24. "The Executive may not represent a legislative tribunal absent express statutory delegation." *Bowsher v. Synar*, 478 U.S. 714, 726–27 (1986).

  25. Under *Touhey*, DOJ must file a sworn § 516 authorization before appearing before a non-executive forum. 867 F.2d at 535.

## VIII. CONCLUSION AND PRAYER FOR RELIEF

  26. For the foregoing reasons, Petitioner respectfully requests that the Court:

**a. Clarify that Dkts. 19 and 23 must be resolved before briefing on Dkt. 24;**
**b. Stay or hold in abeyance Dkt. 24 until those issues are adjudicated;**
**c. Confirm that DOJ must file a sworn § 516 authorization and LCvR 83.2(d) certification before litigating the merits;**
**d. In the alternative, strike Dkt. 24 as procedurally defective and filed by counsel of unresolved standing.**

---

**Respectfully submitted,**

**Dated: June 24, 2025**

**/s/ Francesco Santora**
**Francesco Santora**
**Pro Se Petitioner**
**santora@email.com**