# AMENDED PETITION FOR REVIEW OF AGENCY ACTION

**FRANCESCO SANTORA,**
 *Petitioner, Pro Se,*

**v.**

**COPYRIGHT CLAIMS BOARD et al.,**
 *Respondents.*

**Case No.: 1:25-cv-01055-TJK**
 **(5 U.S.C. § 706; 17 U.S.C. § 1506(p))**

## INTRODUCTION

This petition challenges the Copyright Claims Board's (CCB) unlawful assertion of authority over:

1. Fraud-tainted claims it lacks jurisdiction to hear under 17 U.S.C. § 1506(c)(1);
2. High-stakes copyrightability determinations that raise "major questions" under *West Virginia v. EPA*, 142 S. Ct. 2587 (2022).

The CCB's actions violate both the Administrative Procedure Act and fundamental separation-of-powers principles recognized in *Loper Bright Enterprises v. Raimondo*, 144 S. Ct. 2244 (2024).

## JURISDICTION AND VENUE

Jurisdiction: 5 U.S.C. §§ 702, 706 (APA); 17 U.S.C. § 1506(p) (CASE Act); 28 U.S.C. §§ 1331, 1338(a).

Venue: 28 U.S.C. § 1391(e)(1) (CCB is a D.C.-based federal entity).

Exhaustion: Administrative remedies are futile under *Darby v. Cisneros*, 509 U.S. 137 (1993), because no further relief is available within the CCB.

## STANDARD OF REVIEW

- Statutory Interpretation: De novo under *Loper Bright*.
- Major Questions: Agencies cannot assert power over economically significant issues without clear congressional authorization (*West Virginia*).
- Factual Review: "Arbitrary and capricious" standard (*State Farm*).

## STATEMENT OF FACTS

### A. Fraudulent DMCA Scheme

Perkins Coie Email (May 15, 2023):
Respondents' counsel admitted issuing DMCA takedown notices regarding Wednesday Addams. This directly contradicts Respondents' later denials before the CCB.

Corsearch Contract (2022):
Documents show Respondents systematically authorized fraudulent takedowns through a third party.

### B. CCB's Unlawful Orders

Order Granting Intervention (Docket 37):
Permitted Respondents to join despite concealing the Perkins Coie email.

Order Granting Permission to Amendment (Docket 57):
Allowed claims to proceed using fraud-tainted evidence. *The CCB Claims Officer wrote the Amendment for the Respondents in his Order.*

Order Denying Bad Faith Conference (Docket 43 & 45):
Deferred misconduct review despite 37 C.F.R. § 232.3's candor requirement. *The Copyright Claims Board violated 17 U.S.C. § 1506(y) by making merits-based determinations on bad faith rather than applying statutory standards.*

### C. Ultra Vires Copyrightability Determination

The CCB has assumed power to decide whether Wednesday Addams is independently copyrightable—an issue with billion-dollar consequences for:

- Netflix's *Wednesday* series (valued at $1B+);
- MGM's film rights;
- The Addams Family estate's licensing.

The CASE Act never authorized this economically significant determination (*West Virginia*).

## LEGAL CLAIMS

### COUNT I: APA VIOLATIONS (5 U.S.C. § 706(2)(A))

The CCB acted arbitrarily by:

1. Ignoring the Perkins Coie email and Corsearch contract (*State Farm*).
2. Violating its candor rule (*Service v. Dulles*, 354 U.S. 363 (1957)).
3. Applying rules inconsistently (*Fox Television*, 556 U.S. 502 (2009)).
4. Failing to maintain a proper docket, violating federal procedural standards (*Perez v. Mortgage Bankers Ass'n*, 575 U.S. 92 (2015)).
5. Creating surprise interpretations without fair notice, exceeding its authority (*Christopher v. SmithKline Beecham Corp.*, 567 U.S. 142 (2012)).

### COUNT II: ULTRA VIRES ACTIONS

| Violation | Legal Limit | Precedent |
| --- | --- | --- |
| Fraud adjudication | § 1506(c)(1) | *Stern v. Marshall*, 564 U.S. 462 (2011) |
| Copyrightability ruling | Major Questions Doctrine | *West Virginia v. EPA*, 142 S. Ct. 2587 (2022) |
| Bad faith merits ruling | § 1506(y) | *Gunn v. Minton*, 568 U.S. 251 (2013) |

The CASE Act explicitly limits the CCB's jurisdiction under 17 U.S.C. § 1506(c)(1), which bars:

- Fraud-based claims from CCB adjudication.
- Decisions exceeding small-claims copyright scope, such as billion-dollar copyrightability issues.

By overstepping these clear statutory limits, the CCB lacks any lawful authority to issue its rulings (*Stern*).

---

# ADDENDUM 1: ABSENCE OF VALID COUNTERCLAIM

## I. No Valid Counterclaim Exists Under Applicable Regulations

The Copyright Claims Board regulations impose mandatory procedural requirements for filing counterclaims. As of this filing date, those requirements remain unmet.

### A. Mandatory Form Requirement

Pursuant to 37 C.F.R. § 222.9(b), a counterclaim must be filed "through eCCB using the counterclaim form provided by the Board." This form requirement is mandatory, with no exception for alternative formats or informal submissions.

### B. Board Notification Requirement

Under 37 C.F.R. § 222.10(a), a response to a counterclaim is due only after "the Board's issuance of notification that a counterclaim is compliant under 37 CFR 224.1." No such notification has been issued in this case. Accordingly, no obligation to respond has been triggered under the governing rule.

## II. Key Verified Facts from the Docket

The procedural record confirms the absence of a valid counterclaim and reveals irregularities in how the Board has proceeded:

1. March 19, 2025 (Dkt. 57): Board issued an Order Granting Leave to Amend Counterclaim.
2. No amended counterclaim filed: Between Dkt. 52 and Dkt. 69, no amended counterclaim appears in the docket using the required eCCB counterclaim form under § 222.9(b).
3. No Board compliance notification: No docket entry shows the Board issued the required notification that any amended counterclaim is compliant under 37 C.F.R. § 224.1. Without such notice, no response obligation is triggered per § 222.10(a).
4. Improper scheduling based on nonexistent claim:
   - April 18, 2025 (Dkt. 65): The Board scheduled a status conference to discuss "timing of Claimant's response to the amended counterclaim"—despite no compliant counterclaim existing.
   - April 23, 2025 (Dkt. 69): The Board referenced Claimant's response to a dismissal request, further assuming the presence of a procedurally valid counterclaim.
5. Timeline: More than 75 days have passed since the March 19 Order granting leave to amend, with no compliant counterclaim filed and no extension granted.

## III. Timing Requirements and Procedural Lapse

Under 37 C.F.R. § 222.9(e), counterclaims must be filed with the respondent's initial response unless the Board permits later filing for good cause. While the Board granted leave to amend, the respondent has not filed a compliant counterclaim in over 75 days. No extension request or good cause justification appears on the docket.

## IV. Legal Analysis

Issue

Whether an amended counterclaim exists in *Santora v. MGM et al.* such that Claimant is under any obligation to respond.

Short Answer

No. There is no properly filed amended counterclaim on record. Even if one had been uploaded, there is no official Notice of Amended Counterclaim from the

Board as required under CCB procedures. These omissions are jurisdictional and procedural defects that cannot be waived. Therefore, Claimant has no obligation to respond, and all Board threats or directives arising from the presumption of an amended counterclaim are legally baseless.

Discussion

1. No Amended Counterclaim Was Filed via eCCB Form: CCB practice requires that any amended counterclaim be filed through the official eCCB interface using the designated "Counterclaim" form. There is no such filing present on the docket. Uploading a PDF attachment to a response is not a valid substitute.
2. No Board Notice Issued: The CCB's regulations require that once a valid amended counterclaim is filed, the Board will issue a Notice of Amended Counterclaim, including a new deadline to respond. No such notice appears in the docket.
3. Legal Effect: Because no valid counterclaim exists, Claimant cannot be said to have failed to prosecute or respond. Any show cause order or threat of default relying on a non-existent pleading is without legal force.

---

# ADDENDUM 2: PATTERN OF ADMINISTRATIVE BAD FAITH WARRANTING SANCTIONS

## I. Introduction: The Inescapable Inference of Sanctionable Conduct

The CCB's conduct in this matter presents an inescapable legal conclusion: either the CCB and CCO David O. Carson are so criminally negligent that they do not know their own mandatory regulations, or they deliberately abuse the administrative process under color of authority while exploiting Petitioner's pro se status. Both scenarios warrant Rule 11 sanctions, attorney fees, and individual liability.

## II. Evidence of Bad Faith Administrative Conduct

### A. Smoking Gun: Discriminatory Application of Form Requirements

Docket Entry 93 provides conclusive proof of deliberate abuse: CCO Carson rejected Petitioner's "Conditional Response" specifically because it failed to use the standard form, while simultaneously accepting Respondents' amended counterclaim filed in exactly the same manner, dockets 52-57.

This discriminatory enforcement proves CCO Carson knows the form requirements but applies them selectively:

1. Knowledge Established: Carson's rejection of Petitioner's response for lack of standard form demonstrates full awareness of 37 C.F.R. § 222.9(b) requirements;
2. Selective Enforcement: Carson allowed Respondents to proceed without the mandatory eCCB counterclaim form while punishing Petitioner for identical conduct;
3. Arbitrary and Capricious Conduct: Identical procedural defects received opposite treatment based solely on party identity.

This discriminatory enforcement destroys any defense of negligence or mistake. Carson cannot claim ignorance of form requirements while simultaneously enforcing them against one party but not another.

### B. Pattern of Targeted Harassment

The selective enforcement reveals a deliberate pattern:

- Against Petitioner: Strict technical compliance demanded, dismissal with prejudice threatened
- For Respondents: Procedural defects ignored, substantive relief granted despite invalid pleadings

This asymmetrical treatment constitutes classic due process violation and abuse of administrative authority.

### C. Engineered Default Judgment Through Procedural Manipulation

The evidence reveals CCO Carson's deliberate scheme to manufacture a default judgment:

1. Step 1 - Create Invalid Pleading: Allow Respondents to file counterclaim without required eCCB form (violating 37 C.F.R. § 222.9(b));
2. Step 2 - Conceal Invalidity: Fail to issue required Notice of Counterclaim Compliance under 37 C.F.R. § 222.10(a), hiding the procedural defect;
3. Step 3 - Demand Impossible Response: Order Petitioner to respond to procedurally non-existent pleading;
4. Step 4 - Reject Valid Attempts: When Petitioner files Conditional Response (Dkt. 93), reject it for the same form defects Carson ignored in Respondents' counterclaim;
5. Step 5 - Manufacture Default: Use Petitioner's "non-response" to non-existent pleading as basis for bad faith and default judgment on invalid counterclaim.

This constitutes systematic fraud upon the administrative process.

### D. Proof of Deliberate Intent

Docket 93 proves Carson's knowledge and intent:

- Carson knows form requirements (evidenced by rejecting Petitioner's response);
- Carson selectively enforces rules (ignoring identical defects in Respondents' pleading and hiding of critical evidence, DMCA takedown notices);
- Carson's pattern shows intent to engineer default through procedural manipulation;
- The scheme requires Petitioner's "failure" to respond to create basis for default.

This is not negligence - this is deliberate corruption of the administrative process.

### E. Constitutional Violations Under Color of Law

Carson's conduct violates multiple constitutional provisions:

1. Due Process (14th Amendment): Denial of fair procedure through selective rule enforcement;
2. Equal Protection (14th Amendment): Discriminatory treatment based on party status;
3. 42 U.S.C. § 1983: Deprivation of rights under color of state law.

The engineered default scheme constitutes willful deprivation of constitutional rights warranting both monetary damages and injunctive relief.

## ADDENDUM 3: DEFERRED BUT UNRESOLVED SANCTIONS REQUESTS CONSTITUTING LIVE PROCEDURAL DEFECT

I. Summary of Issue

Petitioner filed multiple formal requests for sanctions and bad-faith determinations against Respondents for misconduct under 17 U.S.C. § 1506(y). The CCB acknowledged these filings, issued temporary deferrals, and later closed the case without ever issuing a final ruling. This unresolved status renders those issues jurisdictionally live.

II. Procedural History

- **Dkt. 30, 33, 44**: Petitioner filed three motions identifying fraudulent conduct and bad faith.

- **Dkt. 39**: **Improper Deferral of Sanctions Request**

    The CCB denied Petitioner's initial request for sanctions, stating:

    "Allegations on the merits will be handled at the appropriate stages of this proceeding."

    However, this denial was accompanied by **sealed, unsigned, and procedurally irregular "Docket notes"**—neither publicly available nor issued in conformity with the CCB's regulatory obligations under 17 U.S.C. § 1506(f) or 37 C.F.R. § 220.1. The lack of proper notice, signature, or transparency renders the denial legally infirm. This constitutes both a procedural defect and a violation of due process.

- **Dkt. 45**:  – Reaffirmed Deferral with Same Procedural Irregularities

    In a second response, the CCB again deferred final ruling on Petitioner's sanctions motion, repeating that:

"Allegations on the merits will be handled at the appropriate stages."

As with Dkt. 39, this decision was accompanied by **sealed, unsigned, and improper "Docket notes"**, inaccessible to the public or the parties, and issued without statutory or regulatory authority. These entries are referenced in the Petition's Exhibit List and reinforce a pattern of administrative obfuscation and judicially reviewable misconduct.

- **Closure**: Upon dismissal of the proceeding, no final adjudication occurred. The promised "appropriate stage" never arrived.

III. Legal Relevance

This constitutes failure to render a final determination under 17 U.S.C. § 1508(c)(1)(B). It also raises concerns under Leedom v. Kyne, 358 U.S. 184 (1958), and Chambers v. NASCO, Inc., 501 U.S. 32 (1991), which permit judicial intervention where an agency fails to perform a non-discretionary statutory duty. The CCB's failure to adjudicate these motions—after deferral and assurance of later review—renders the matter justiciable and ripe for judicial relief.

IV. Relief Requested

Petitioner requests that the District Court:

- Declare the CCB's failure to adjudicate the motions for sanctions as a procedural defect subject to judicial correction;

- Order the CCB to reopen proceedings for the limited purpose of issuing a final ruling on the deferred motions;

- Alternatively, issue a finding of fact that the failure to adjudicate constitutes an effective admission of administrative bad faith.

| 39 | Claimant's Motion for Sanctions (Dkt. 30) and Request for a Conference Related to Alleged Bad-Faith Conduct (Dkt. 33) are denied. Claimant does not provide a basis to find that Respondent Metro-Goldwyn-Mayer Studios, Inc. has acted in bad faith conduct in the course of this proceeding. See 37 C.F.R. §§ 220.1(c) and 232.3. Claimant's allegations on the merits will be handled at the appropriate stages of this proceeding. | Docket Note | Copyright Claims Board | 12/06/2024 05:36 PM EST |

| 45 | Claimant's third Request for a Conference Related to Alleged Bad-Faith Conduct (Dkt. 44) is denied. Claimant does not provide a basis to find that Respondents have acted in bad faith conduct in the course of this proceeding. See 37 C.F.R. §§ 220.1(c) and 232.3. Claimant's allegations on the merits will be handled at the appropriate stages of this proceeding. | Docket Note | Copyright Claims Board | 01/29/2025 12:10 PM EST |

## III. Legal Standards for Sanctions

### A. Rule 11 Objective Standard

Under *Business Guides, Inc. v. Chromatic Communications*, 498 U.S. 533 (1991), Rule 11 applies an objective standard of reasonableness. The CCB's conduct fails this standard whether characterized as:

- Negligent ignorance of basic regulatory requirements; or
- Willful blindness to obvious procedural defects.

### B. Individual Officer Liability

CCO David O. Carson is individually liable under:

- Rule 11(c): Personal responsibility for sanctionable conduct (*Pavelic & LeFlore v. Marvel Entertainment*, 493 U.S. 120 (1989));
- 42 U.S.C. § 1983: Deprivation of rights under color of law;
- Court's inherent authority: Bad faith conduct (*Chambers v. NASCO*, 501 U.S. 32 (1991)).

### C. Pattern of Abuse Under Color of Authority

The CCB's exploitation of Petitioner's pro se status while systematically violating its own regulations constitutes the type of abuse of process that courts routinely sanction. *See Fink v. Gomez*, 239 F.3d 989 (9th Cir. 2001).

## IV. Basis for Attorney Fees and Costs

Petitioner is entitled to attorney fees under multiple theories:

1. 28 U.S.C. § 1927: CCB's vexatious multiplication of proceedings;
2. Equal Access to Justice Act (5 U.S.C. § 504): Government misconduct in administrative proceedings;
3. Court's inherent authority: Bad faith conduct requiring deterrent sanctions;
4. Constitutional violations: Deprivation of due process under color of authority.

## V. Conclusion: Sanctions are Reasonable

The CCB's conduct presents the paradigmatic case for Rule 11 sanctions. Whether characterized as criminal negligence or deliberate abuse, the objective unreasonableness of proceeding on non-existent pleadings while threatening dismissal with prejudice demands both monetary sanctions and injunctive relief to prevent future abuse.

The Court should impose sanctions to:

- Deter future abuse of administrative authority;
- Compensate Petitioner for defending against invalid proceedings;
- Vindicate the rule of law by holding government actors accountable for regulatory compliance;
- Protect pro se litigants from systematic exploitation of procedural complexity.

## PRAYER FOR RELIEF

Petitioner respectfully requests that this Court:

1. Vacate CCB Orders in Docket Nos. 33, 41, and 57.

2. Declare that: a. The CCB lacks jurisdiction over fraud claims. b. The CCB cannot adjudicate high-value copyrightability issues under 17 U.S.C. § 1506(f)(3).

3. Alternatively, if the amendments are not vacated, dismiss Respondent's counterclaims based on their misrepresentation and denial of the DMCA Notice.

4. Issue a writ of mandamus requiring dismissal within 7 days.

5. Grant any other relief the Court deems just and proper.

### A. Declaratory Relief

1. Declare that the CCB acted ultra vires and without jurisdiction by:
    - Adjudicating fraud-tainted claims in violation of 17 U.S.C. § 1506(c)(1);
    - Making high-stakes copyrightability determinations without clear congressional authorization under the major questions doctrine;
    - Exceeding its limited jurisdiction as defined in the CASE Act;
    - Violating due process and administrative law principles.
2. Declare that the CCB's jurisdiction is strictly limited to the three statutory claim types in 17 U.S.C. § 1504(c) and cannot extend to:

- Fraud-based disputes;
- Billion-dollar copyrightability determinations;
- Constitutional claims or defenses;
- Bad faith determinations involving merits-based analysis.
3. Declare that no valid counterclaim exists in the underlying CCB proceeding due to Respondents' failure to comply with 37 C.F.R. § 222.9(b).

## B. Injunctive Relief - Limited to Ultra Vires Actions

4. Permanently enjoin the CCB from:
   - Making any determinations regarding Wednesday Addams copyrightability as an independent work;
   - Proceeding on any improperly filed counterclaim that violates 37 C.F.R. § 222.9(b);
   - Retaliating against Petitioner for asserting constitutional rights;
   - Exceeding its statutory jurisdiction under the CASE Act.
5. Issue a mandatory injunction requiring the CCB to:
   - Limit its proceedings to Petitioner's properly filed misrepresentation claim against Respondents;
   - Dismiss any invalid counterclaims with prejudice within seven (7) days;
   - Proceed only within its statutory authority on the remaining valid claims.

## C. Vacatur of Specific Ultra Vires Orders

6. Vacate and set aside the following CCB orders as ultra vires:
   - Docket No. 52-57 (Order Granting Permission to Amendment) - to the extent it permits copyright infringement counterclaims;
   - Docket Nos. 43, 45 (Orders Denying Bad Faith Conference) - as constituting improper merits determinations;
   - Any orders permitting copyrightability determinations regarding Wednesday Addams;
   - Any orders based on non-existent counterclaims.
7. Preserve CCB jurisdiction over Petitioner's properly filed misrepresentation claims against Respondents.

## D. Mandamus Relief - Surgical Approach

8. Issue a writ of mandamus compelling the CCB to:
    - Proceed expeditiously on Petitioner's misrepresentation claims against Respondents;
    - Dismiss all improperly filed counterclaims with prejudice;
    - Refrain from making copyrightability determinations outside its jurisdiction;
    - Apply default judgment procedures against Respondents who lack valid counterclaims or defenses.

## E. Sanctions and Monetary Relief

9. Award attorneys' fees and costs incurred in bringing this petition under:
    - 5 U.S.C. § 504 (Equal Access to Justice Act);
    - 28 U.S.C. § 1927 (vexatious multiplication of proceedings);
    - The Court's inherent authority to sanction bad faith conduct.
10. Order monetary sanctions against:
    - The CCB for ultra vires conduct and procedural violations;
    - CCO David O. Carson individually for retaliatory and unconstitutional actions;
    - Respondents for filing fraudulent pleadings and failing to properly defend against Petitioner's misrepresentation claims.
11. Award compensatory damages for:
    - Time and resources expended defending against ultra vires proceedings;
    - Constitutional violations and due process deprivations;
    - Harm caused by Respondents' DMCA misrepresentations.

## F. Rule 11 and Disciplinary Relief

12. Order the CCB and CCO Carson to show cause why Rule 11 sanctions should not be imposed for:
    - Frivolous legal positions lacking good faith basis;
    - Failure to conduct reasonable inquiry into jurisdictional authority;
    - Retaliatory enforcement actions.
13. Refer CCO Carson for appropriate disciplinary action for exceeding statutory authority and violating constitutional rights.

## G. Prospective Relief and Case Management

14. Order the CCB to:
    - Expedite proceedings on Petitioner's valid misrepresentation claims;
    - Implement procedures ensuring compliance with jurisdictional limits;
    - Provide status reports to this Court on progress of the underlying valid claims.
15. Retain jurisdiction to:
    - Monitor CCB compliance with jurisdictional limits;
    - Ensure expeditious resolution of Petitioner's misrepresentation claims;
    - Address any future attempts to exceed statutory authority.

## H. Strategic Alternative Relief

16. In the alternative, if primary relief is denied:
    - Remand with instructions to proceed only on Petitioner's misrepresentation claims;
    - Stay all ultra vires proceedings while permitting valid claims to proceed;
    - Appoint a special master to ensure jurisdictional compliance.

## I. General Relief

17. Grant any and all other relief that this Court deems just and proper, including:
    - Relief ensuring Petitioner's valid claims against Respondents proceed to judgment;
    - Such further orders as may be required to provide complete relief;
    - Any remedy necessary to vindicate Petitioner's rights while preserving valid proceedings.

**J. Specific Relief Related to Addendum 3**

- Declare the CCB's failure to rule on Petitioner's timely and procedurally compliant sanctions requests a structural procedural defect;

- Order the CCB to issue a final determination on those motions within 14 days, or, in the alternative, allow this Court to adjudicate them de novo

- under § 1508(c);

- Treat the CCB's failure to act as a basis for finding administrative bad faith under § 1508(c)(1)(B).

---

**Dated: June 9, 2025**

**Respectfully submitted,**

/s/ Francesco Santora
santora@gmail.com
*Pro Se Petitioner*

# APPENDIX A: EXHIBIT LIST

| Exhibit No. | Description | Reference in Petition |
|---|---|---|
| Exhibit 1 | Perkins Coie Email (May 15, 2023) | *Statement of Facts, Section A* |
| Exhibit 2 | Corsearch Contract (2022) | *Statement of Facts, Section A* |
| Exhibit 3 | CCB Order Granting Intervention (Docket 37) | *Statement of Facts, Section B* |
| Exhibit 4 | CCB Order Granting Amendment (Docket 57) | *Statement of Facts, Section B* |
| Exhibit 5 | CCB Orders Denying Bad Faith Conference (Docket 39 & 45) | *Statement of Facts, Section B* |
| Exhibit 6 | CCB ORDER REGARDING COUNTERCLAIM RESPONSE | Addendum 1 |
| Exhibit 7 | CCB Docket Entries 52-97 showing CCB proceeding | |


|  |  |
|---|---|
|  | on invalid Counterclaim and threatening Petitioner |
| **Exhibit 8** | Petitioner's First Request for Extension |
| **Exhibit 9** | Request to Disqualify David Carson for Bias, Judicial Estoppel, procedural abuse |
| **Exhibit 10** | Petitioner's Notice of Errata for Request to Disqualify |
| **Exhibit 11** | Petitioner's Supplemental Notice of Errata |
| **Exhibit 12** | CCB Disproportionate Order to Show Cause W/O Evidence & Fabricate a Default of improper Counterclaim |
| **Exhibit 13** | Petitioner's continued request for CCB to show Jurisdiction and explain processes mandated by 17 U.S.C. § 1506(f): Duty to assist parties and public |