## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| FRANCESCO SANTORA,<br><br>        Plaintiff,<br><br>    v.<br><br>COPYRIGHT CLAIMS BOARD,<br><br>        Defendant. | No. 25-cv-01055<br><br><br><br>Judge Timothy J. Kelly |

### MOTION TO DISMISS SECOND AMENDED COMPLAINT

BRETT A. SHUMATE
Assistant Attorney General

SCOTT BOLDEN
Director

Of Counsel:
PHILIP CHARLES STERNHELL
Assistant Director
MARGARET HIBNICK
Trial Attorney
U.S. Dept. of Justice

JENNA MUNNELLY
Commercial Litigation Branch
Civil Division
Department of Justice
Washington, DC 20530

EMILY L. CHAPUIS
Acting General Counsel
JOHN R. RILEY
Acting Deputy General Counsel
U.S. COPYRIGHT OFFICE

*Attorneys for the Defendant*

Dated:  August 20, 2025

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................................................... iii

BACKGROUND ............................................................................................................2

    A.    Proceedings Before this Court ..................................................................2

    B.    Proceedings Before the CCB ....................................................................6

ARGUMENT ..............................................................................................................12

I.    Legal Standard.....................................................................................................13

II.    Judicial Review is Pursuant to the CASE Act, Not the APA ................................15

III.    The Second Amended Complaint Fails to Identify a Reviewable Claim.....................18

IV.    The Second Amended Complaint Fails to State a Claim Upon Which Relief Can be Granted...................................................................................................................20

    A.    Alleged "APA Violations" .......................................................................21

    B.    Alleged "Ultra Vires Actions"..................................................................21

    C.    Alleged "Absence of Valid Counterclaim" ...............................................23

    D.    Alleged "Pattern of Administrative Bad Faith Warranting Sanctions" ................24

    E.    Alleged "Deferred But Unresolved Sanctions Requests Constituting Live Procedural Defect"...................................................................................26

CONCLUSION............................................................................................................29

# TABLE OF AUTHORITIES

**Cases:**

*Ashcroft v. Iqbal,*
   556 U.S. 662 (2009)................................................................................................ passim

*Bell Atl. Corp. v. Twombly,*
   550 U.S. 544 (2007)................................................................................................ 15, 21

*Bennett v. Spear,*
   520 U.S. 154 (1997)................................................................................................ 14, 19, 20

*Boone v. Schorr,*
   No. 99–CV–01279, 1999 WL 1029160 (D.D.C. May 25, 1999).......................................... 13

*Califano v. Sanders,*
   430 U.S. 99 (1997)................................................................................................ 14

*Chambers v. NASCO, Inc.,*
   501 U.S. 32 (1991)................................................................................................ 28

*Chicago & Southern Air Lines, Inc. v. Waterman S.S. Corp.,*
   333 U.S. 103 (1948)................................................................................................ 14, 19

*Delaware Valley Regional Center, LLC v. U.S. Department of Homeland Security,*
   678 F.Supp.3d 73 (D.D.C. 2023)........................................................................... 19

*DRG Funding Corp. v. Sec'y of Housing & Urban Dev.,*
   76 F.3d 1212 (D.C. Cir. 1996) ............................................................................... 14

*EEOC v. St. Francis Xavier Parochial Sch.,*
   117 F.3d 621 (D.C. Cir. 1997) ............................................................................... 13

*Erickson v. Pardus,*
   551 U.S. 89 (2007)................................................................................................ 13

*Franklin v. Massachusetts,*
   505 U.S 778 (1992)................................................................................................ 20

*Fund for Animals, Inc. v. U.S. Bureau of Land Mgmt.,*
   460 F.3d 13 (D.C. Cir. 2006) ................................................................................. 14

*Jarrell v. Tisch,*
   656 F.Supp. 237 (D.D.C. 1987)............................................................................. 13

*Jicarilla Apache Nation v. U.S. Dep't of Interior*,
    648 F. Supp. 2d 140 (D.D.C. 2009) ........................................................................ 14

*Leedom v. Kyne*,
    358 U.S. 184 (1958) ............................................................................................... 28

*Nuvio Corp. v. FCC*,
    473 F.3d 302 (D.C. Cir. 2006) ............................................................................... 15

*Perry v. U.S. Dep't of Educ.*,
    No. 20-CV-2003, 2021 WL 289358 (D.D.C. Jan. 28, 2021) .................................. 14

*Port of Bos. Marine Terminal Ass'n v. Rederiaktiebolaget Transatlantic*,
    400 U.S. 62 (1970) ................................................................................................. 14

*Vasaturo v. Peterka*,
    177 F. Supp. 3d 509 (D.D.C. 2016) ........................................................................ 13

*West Virginia v. EPA*,
    597 U.S. 697 (2022) ............................................................................................... 22

## Statutes:

5 U.S.C. § 702 ............................................................................................................ 16, 17

5 U.S.C. § 704 ......................................................................................................... 1, 12, 14

5 U.S.C. § 706 ........................................................................................................... passim

17 U.S.C. § 512 ............................................................................................................. 2, 6

17 U.S.C. § 1502 ............................................................................................................... 2

17 U.S.C. § 1503 ........................................................................................................ passim

17 U.S.C. § 1504 ............................................................................................................... 2

17 U.S.C. § 1506 ........................................................................................................ passim

17 U.S.C. § 1508 ........................................................................................................ passim

28 U.S.C. § 1331 ........................................................................................................ 16, 17

28 U.S.C. § 1338 ........................................................................................................ 16, 17

42 U.S.C. § 1983 .................................................................................................... 25

**Rules and Regulations:**

Fed. R. Civ. P. 1 ................................................................................................... 25

Fed. R. Civ. P. 8 ................................................................................................... 15

Fed. R. Civ. P. 11 ............................................................................................. 24, 25

Fed. R. Civ. P. 12(b)(6) ................................................................................... passim

37 C.F.R. § 220.1 ............................................................................................ passim

37 C.F.R. § 220.5 .................................................................................................... 8

37 C.F.R. § 222.1 .................................................................................................. 25

37 C.F.R. § 222.8 .................................................................................................... 8

37 C.F.R. § 222.9 ................................................................................................ 8, 23

37 C.F.R. § 222.10 ............................................................................................ 11, 23

37 C.F.R. § 222.12 ........................................................................................ 9, 23, 24

37 C.F.R. § 222.14 .................................................................................................. 8

37 C.F.R. § 227.1 .............................................................................................. 11, 12

37 C.F.R. § 227.2 .................................................................................................. 12

37 C.F.R. § 228.2 ......................................................................................... 11, 12, 28

37 C.F.R. § 232.3 ............................................................................................ 3, 7, 9

37 C.F.R. § 232.4 .................................................................................................. 12

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FRANCESCO SANTORA, | No. 25-cv-01055 |
| Plaintiff, | |
| v. | |
| COPYRIGHT CLAIMS BOARD, | Judge Timothy J. Kelly |
| Defendant. | |

## <u>MOTION TO DISMISS SECOND AMENDED COMPLAINT</u>

Pursuant to the Federal Rules of Civil Procedure Rule 12(b)(6), Defendant, the Copyright Claims Board (the CCB), respectfully moves to dismiss the Second Amended Complaint of Plaintiff, Francesco Santora, for failure to state a claim upon which relief can be granted. The Court provided leave for Mr. Santora to amend his Complaint for a second time; however, the Second Amended Complaint fails to remedy the defects in the Amended Complaint. The Second Amended Complaint should be dismissed for at least the following three reasons. First, pursuant to 17 U.S.C. § 1503(g), "[a]ctions of the [CCB] . . . in connection with the rendering of any determination are subject to judicial review as provided under section 1508(c) and not under [the Administrative Procedures Act (APA)]," and the Second Amended Complaint does not bring or state a reviewable cause of action under § 1508(c). Second, even if judicial review pursuant to the APA applied, the Second Amended Complaint fails to identify a reviewable cause of action under 5 U.S.C. § 704 because the actions identified in the Second Amended Complaint are not final agency actions. Lastly, the allegations in the Second Amended Complaint are vague, conclusory, and fail to state a claim. Accordingly, the CCB respectfully moves for the Second Amended Complaint to be dismissed pursuant to Rule 12(b)(6).

## BACKGROUND

On April 7, 2025, Mr. Santora, filed his Complaint against the CCB.  *See* Dkt. 1.  The Complaint is directed at the CCB proceeding initiated by Mr. Santora, as described below, relating to his book *The Haunted Clock: Wednesday: Child of Woe* and the alleged use of the Wednesday Addams character.  *See* Dkt. 1-2 at 5.  The Complaint "challenges the Copyright Claims Board's (CCB) unlawful assertion of authority" and alleges that "[t]he CCB's actions violate the Administrative Procedure Act and fundamental separation-of-powers principles." Dkt. 1 at 1.

The CCB was established under the Copyright Alternative in Small-Claims Enforcement (CASE) Act of 2020.  *See* 17 U.S.C. §§ 1501-1511.  The CCB is "an alternative forum in which parties may voluntarily seek to resolve certain copyright claims regarding any category of copyrighted work."  § 1502(a).  Pursuant to § 1504(c), the CCB "may render determinations with respect to," copyright infringement, declarations of noninfringement, misrepresentation under 17 U.S.C. § 512(f), and specific types of counterclaims.  Remedies are generally limited to monetary relief.  *See* § 1504(e).  After the CCB "issues a . . . final determination in a proceeding . . . a party may seek an order from a district court of the United States vacating, modifying, or correcting the determination" in certain enumerated cases.  § 1508(c).

### A.    Proceedings Before this Court

On April 14, 2025, a week after filing his Complaint—stylized as a Petition for Review of Agency Action—Mr. Santora filed an Ex Parte Motion for Temporary Restraining Order requesting that the Court prevent the CCB from "enforcing its April 18, 2025 deadline" to respond to an amended counterclaim and from "taking further action in the [CCB] proceeding pending judicial review."  Dkt. 4.  On April 15, 2025, the Court issued its Minute Order denying

Mr. Santora's Motion and noted that "the Court doubts it has jurisdiction at all to interfere with the ongoing administrative proceeding in the way Plaintiff requests." Min. Order, April 15, 2025 (citing 17 U.S.C. § 1508).

On June 4, 2025, Mr. Santora filed his Revised Motion to Amend Petition for Review. *See* Dkt. 17. On June 6, 2025, the Court granted his Motion and on June 9, 2025, Mr. Santora filed his Amended Complaint, Dkt. 18. The Amended Complaint again "challenges the Copyright Claims Board's (CCB) unlawful assertion of authority" and alleges that "[t]he CCB's actions violate the Administrative Procedure Act and fundamental separation-of-powers principles." Dkt. 18 at 1. The alleged "actions" of the CCB are identified as four "unlawful orders" in which the CCB allegedly "[p]ermitted Respondents to join despite concealing" an email,[1] "[a]llowed claims to proceed using fraud-tainted evidence," and "[d]eferred misconduct review despite 37 C.F.R. § 232.3's candor requirement." *Id.* at 2. The Amended Complaint further alleges that the CCB "has assumed power to decide whether Wednesday Addams is independently copyrightable" which the "CASE Act never authorized." *Id.* at 2-3. The Amended Complaint added two additional counts, including one based on CCB Dkt. 93, a CCB Order that was issued on June 2, 2025, after the filing of the original Complaint. *See* Dkt. 18 at 4-10.

On June 23, 2025, the CCB filed its Motion to Dismiss. *See* Dkt. 24. In its Motion to Dismiss, the CCB requested that the Amended Complaint be dismissed pursuant to Rule 12(b)(6). *See id.* Specifically, the Amended Complaint failed to state a claim upon which relief can be granted because 17 U.S.C. § 1508(c) and not the Administrative Procedures Act (APA)

---

[1] As discussed in more detail below, the CCB granted an unopposed motion by the Tee & Charles Addams Foundation (Foundation) to intervene in Mr. Santora's CCB proceedings. *See* Dkt. 37-7 (CCB Dkt. 37).

provides for judicial review of CCB determinations. *Id.* at 15-16 (citing 17 U.S.C. § 1503(g)). Further, the Amended Complaint failed to identify a final determination of the CCB, as required for judicial review by § 1508(c) and the APA, and the allegations in the Amended Complaint are vague, conclusory, and fail to state a claim upon which relief can be granted. *See id.* at 18-23. On June 24, 2025, the Court issued its Order setting a July 8, 2025 deadline for Mr. Santora to respond to the Motion to Dismiss. *See* Dkt. 25. On July 4, 2025, Mr. Santora filed his Motion for Extension of Time to Respond to Motion to Dismiss. *See* Dkt. 32. On July 7, 2025, the Court granted Mr. Santora's Motion and set the deadline for Mr. Santora to respond to the Motion to Dismiss as August 7, 2025. *See* Min. Order, July 7, 2025.

On July 29, 2025, Mr. Santora filed his Amended Motion for Leave to Amend Petition Pursuant to Rule 15(a)(2) (Motion to Amend) requesting to again amend his complaint. *See* Dkt. 37. The Motion to Amend requested to add an additional claim directed at "newly ripe misconduct arising from the [CCB's] failure to adjudicate four statutorily grounded motions for sanctions and findings of bad faith—motions that were expressly deferred, then ultimately abandoned when the CCB closed the proceeding on July 15, 2025." Dkt. 37 at 1. Specifically, Mr. Santora claims "[t]he CCB deferred ruling" on his motions and the CCB's "failure to resolve the pending sanctions motions—despite earlier promises to do so—constitutes a reviewable omission under § 1508(c)(1)(B) and a failure to act as required under 5 U.S.C. § 706(1)." *Id.* The Motion to Amend stated "[t]he amendment is narrowly additive. It does not alter or retract any part of the original Petition." *Id.* at 3 (emphasis omitted).

On July 31, 2025, the Court granted Mr. Santora's Motion to Amend and directed the Clerk's Office to docket the Second Amended Complaint, Dkt. 37-3, as the operative petition. *See* Min. Order, July 31, 2025. The Court further denied the CCB's Motion to Dismiss as moot

and required the CCB to answer or otherwise respond to the Second Amended Complaint by August 21, 2025.  *See id.*

The Second Amended Complaint includes the same Introduction, Jurisdiction and Venue, Standard of Review, Statement of Facts, Count I, Count II, Addendum 1, and Addendum 2 sections as the Amended Complaint; Addendum 3 is the only addition to the Second Amended Complaint.  *Compare* Dkt. 37-3 *with* Dkt. 18; *see also* Dkt. 37 at 3 ("The amendment is narrowly additive.  It does not alter or retract any part of the original Petition.") (emphasis omitted).  The Prayer for Relief in the Second Amended Complaint is also the same as the Amended Complaint, with the addition of relief "J. Specific Relief Related to Addendum 3."  Dkt. 37-3 at 16-17.  The CCB's July 15, 2025 Order Dismissing Counterclaim Without Prejudice was attached to Mr. Santora's Motion to Amend, *see* Dkt. 37-4 (CCB Dkt. 106), but the Order is not identified or discussed in the Second Amended Complaint and it is not the basis for any of the five counts in the Second Amended Complaint.  *See* Dkt. 37-3.

The Second Amended Complaint requests, *inter alia*, declaratory relief directed at the CCB's jurisdiction, injunctive relief, that CCB Docket Nos. [39][2], 45, and 52-57, "[a]ny orders permitting copyrightability determinations regarding Wednesday Addams," and "[a]ny orders based on non-existent counterclaims" be vacated, mandamus relief directed at, *inter alia*, ordering the CCB to "[p]roceed" on Mr. Santora's "misrepresentation claims . . . dismiss all improperly filed counterclaims" and "issue a final determination on [Mr. Santora's motions for

---

[2] The Second Amended Complaint identifies various CCB docket entries as the "Order[s] Denying Bad Faith Conference."  Dkt. 37-3 at 2, 13-14; *but see id.* at 9-11; Dkt. 37-9 (showing CCB Dkt. 39 and 45 as the Docket Notes denying Mr. Santora's motions, CCB Dkt. 30, 33, and 44).

sanctions and findings of bad faith] . . . or . . . adjudicate the[ motions] de novo under § 1508(c)," as well as sanctions and monetary relief. *Id.* at 13-18.

### B.    Proceedings Before the CCB

On April 29, 2024, Mr. Santora filed a claim with the CCB against Metro-Goldwyn-Mayer Studios Inc. (MGM) for infringement, a declaration of noninfringement, and misrepresentation under 17 U.S.C. § 512(f).  CCB Dkt. 1 (*Santora v. Metro-Goldwyn-Mayer Studios Inc. et al.*, 24-CCB-0127).[3]  After multiple rounds of compliance review, the CCB issued a notice of compliance on June 27, 2024 and directed Mr. Santora to serve his amended claim on MGM.  *See* CCB Dkt. 13.  In his amended claim, Mr. Santora alleged that MGM improperly issued takedown notices related to his book and sought a declaration of noninfringement.  *See* CCB Dkt. 10.  Mr. Santora served his amended claim on MGM in July 2024.  *See* CCB Dkt. 17.

MGM did not opt out of the proceeding before the CCB, and the proceeding entered the active phase on September 23, 2024.  *See* CCB Dkt. 20.[4]  That same day, Mr. Santora filed a Request for a Conference Related to Alleged Bad-Faith Conduct based on alleged misconduct from MGM surrounding the takedown notices that served as the basis for Mr. Santora's misrepresentation claim.  *See* CCB Dkt. 22.[5]  On September 24, 2024, the CCB issued its Order

---

[3] The docket for the CCB proceeding is available through the CCB's electronic filing and case management system, https://dockets.ccb.gov/case/detail/24-CCB-0127 (last visited August 20, 2025).

[4] CCB proceedings are voluntary and respondents are provided a 60-day window after service to submit an opt-out notice, in which case the proceeding is dismissed without prejudice. *See* § 1506(i).  If the respondent does not submit an opt-out notice, the proceeding enters the active phase.  *See id.*

[5] Mr. Santora's Motion to Amend claimed "Petitioner filed four distinct motions for sanctions and findings of bad faith" and identifies [CCB] Dkt. 2[2] as "Preliminary motion for procedural violations."  Dkt. 37 at 2.  However, the Second Amended Complaint does not include or discuss CCB Dkt. 22 or CCB Dkt. 23.  *See* Dkt. 37-3.

Denying Request for Conference Related to Bad-Faith Conduct because the respondent had "not yet appeared in this proceeding" and "[r]equiring it to respond to the Request at this point would be premature" but stated Mr. Santora "may file a new request once Respondent appears."  CCB Dkt. 23.

On November 1, 2024, Mr. Santora filed his Motion for Sanctions, which like his previous Request for a Conference Related to Alleged Bad-Faith Conduct involved allegations pertaining to the takedown notices issued by MGM.  *See* CCB Dkt. 30.  On November 15, 2024, MGM filed its Opposition to Motion for Sanctions.  *See* CCB Dkt. 31.  On November 17, 2024, Mr. Santora filed his Request for Conference Related to Alleged Bad-Faith Conduct, alleging various complaints regarding "MGM's approach, from their aggressive use of the [Digital Millennium Copyright Act (DMCA)] to their insistence on handling [the] process as a court trial."  CCB Dkt. 33.  On December 6, 2024, the CCB issued a Docket Note[6] denying Mr. Santora's Motion for Sanctions and Request for a Conference Related to Alleged Bad-Faith Conduct.  *See* Dkt. 37-9 (CCB Dkt. 39); *see also* Dkt. 37-3 at 11.  The CCB found that Mr. Santora did "not provide a basis to find that [MGM] has acted in bad faith conduct in the course of this proceeding" and that Mr. Santora's "allegations on the merits will be handled at the appropriate stages of this proceeding."  *Id.* (citing 37 C.F.R. §§220.1(c) and 232.3).

On November 21, 2024, the Tee & Charles Addams Foundation's (Foundation) requested to intervene as a respondent in the proceeding on the basis that it "is the owner and licensor of all original intellectual property rights in The Addams Family franchise as depicted in a long-running comic serial first published by cartoonist Charles Addams in 1938."  CCB Dkt. 35.  That

---

[6] As discussed further below, a Docket Note is similar to a Minute Order; it is a text-only order and there is no associated document or restrictions.

same day, MGM and the Foundation filed a response to Mr. Santora's amended claim and asserted an infringement counterclaim, alleging that Mr. Santora's book infringed the "Wednesday" character from the Addams Family franchise. *See* CCB Dkt. 36. The response and counterclaim was uploaded as a PDF to eCCB, contrary to the requirements of 37 C.F.R. §§ 222.8(a), 222.9(b).

On December 6, 2024, after the time for Mr. Santora to respond to Foundation's request to intervene had elapsed, *see* 37 C.F.R. § 220.5(a)(2), the CCB issued its Order on Request for Intervention and granted Foundation's request to intervene as a defendant and counterclaimant. *See* Dkt. 37-7 (CCB Dkt. 37). The CCB found "Foundation is a necessary party as defined in 37 C.F.R. § 222.14(a)" and noted that Mr. Santora "has not filed an opposition" to the request for intervention. *Id.* That same day, the CCB also issued an Order to Amend Noncompliant Response and Counterclaim on the grounds that MGM and Foundation failed to use the required fillable form and had not included the required copyright registration information for the works at issue in their counterclaim. *See* CCB Dkt. 38. On January 3, 2025, MGM and Foundation filed their Response and Counterclaim using the required fillable form. *See* CCB Dkt. 40. MGM and Foundation attached a spreadsheet titled "Addams Family-Related Copyright Registration" that included the copyright registration information for a number of works. *See id.* (Documentation). The CCB issued a Notice of Complaint Counterclaim on January 7, 2025, *see* CCB Dkt. 41, and Mr. Santora filed a response to the counterclaim using eCCB's fillable form on January 21, 2025, *see* CCB Dkt. 42.

On January 29, 2025, Mr. Santora filed an additional Request for Conference Related to Alleged Bad-Faith Conduct, once again raising allegations of misconduct related to takedown notices. *See* CCB Dkt. 44. Also on January 29, 2025, the CCB denied Mr. Santora's third

Request for a Conference Related to Alleged Bad-Faith Conduct and again found that Mr. Santora did "not provide a basis to find that [MGM] has acted in bad faith conduct in the course of this proceeding" and that Mr. Santora's "allegations on the merits will be handled at the appropriate stages of this proceeding."  Dkt. 37-9 (citing 37 C.F.R. §§220.1(c) and 232.3) (CCB Dkt. 45); *see also* Dkt. 37-3 at 11.

On February 28, 2025, the CCB held a status conference and noted that MGM and Foundation had identified one work on the counterclaim fillable form but had raised allegations of infringement pertaining to multiple works and had attached the Addams Family-Related Copyright Registration spreadsheet identifying copyright registration information for multiple additional works.  *See* CCB Dkt. 51 (scheduling status conference); *see also* Dkt. 37-8 (CCB Dkt. 57).  The CCB suggested that the parties stipulate to amend the counterclaim to clarify the works alleged to be infringed.  *See* Dkt. 37-8 (CCB Dkt. 57).  On March 14, 2025, after no stipulation had been reached, MGM and Foundation filed a Request for Leave to Amend the Counterclaim.  *See id.* at 1 (CCB Dkt. 57 (CCB's March 19 Order), discussing CCB Dkt. 54 (Request) and CCB Dkt. 52 (Exhibit A to Request)).  MGM and Foundation's Request sought to "identify, as the works infringed, the works listed in Exhibit A to the Request ([CCB] Dkt. 52), which are the same works listed in the spreadsheet filed with the counterclaim."  *Id.*

On March 19, 2025, the CCB issued its Order Granting Leave to Amend Counterclaim. *See id.*  In its Order, pursuant to 37 C.F.R. § 222.12(d)(3), the CCB found that granting leave to amend the counterclaim "will not prejudice Claimant because it will not expand the scope of the issues," "will avoid undue delay and later disputes, as it settles questions about the scope of the counterclaim," and that "Respondents would not have reasonably known of the need for the amendment."  *Id.*  The CCB further stated "[f]or the duration of this proceeding, it is understood

that the counterclaim is claiming infringement of the 'Wednesday' character as depicted, described, and/or appearing in the works listed in Exhibit A to the Request." *Id.* (citing CCB Dkt. 52); *see also* Dkt. 37-10 (CCB Dkt. 93) ("The counterclaim was deemed amended as filed on March 19, 2025.") (citing CCB Dkt. 57).  The CCB noted that the counterclaim had previously been found to be complaint and described the amendment as a "clarification."  *Id.* The CCB set a deadline of April 18, 2025 for Mr. Santora to file a response to the amended counterclaim.  *See id.*[7]

Also on March 19, 2025, Mr. Santora filed a Request to Stay Proceedings.  *See* CCB Dkt. 58.  Mr. Santora requested to "stay all proceedings in this matter pending judicial review or reconsideration of the Board's March 19th, 2025, decision granting Respondents' request to amend their counterclaim" and stated the "request is made on the grounds that the Board's decision imposes undue prejudice on Claimant, disrupts the fairness of the proceeding, and violates fundamental principles of procedural fairness under the Administrative Procedure Act ("APA"), 5 U.S.C. § 706(2)(A)."  *Id.*  On April 1, 2025, the CCB issued its Order Denying Request to Stay Proceedings.  *See* CCB Dkt. 60.  In its Order, the CCB noted its "actions 'are subject to judicial review as provided under [17 U.S.C. §] 1508(c) and not under chapter 7 of title 5' i.e., the Administrative Procedure Act."  *Id.* at 3 (citing 17 U.S.C. § 1503(g)).  And that "Section 1508 provides for judicial review of the issuance of a final or amended final determination by the Board, but does not provide for judicial review of interlocutory (nonfinal) orders by the Board."  *Id.* (citing 17 U.S.C. § 1508(c)(1)).  The CCB concluded "[t]here is no

---

[7] This deadline was subsequently stayed until after a status conference scheduled for April 30, 2025.  *See* CCB Dkt. 65.

basis for staying this proceeding while claimant pursues a judicial remedy that is not available to him." *Id.*

On April 30, 3035, the CCB held a status conference, but Mr. Santora did not attend. *See* CCB Dkt. 79 at 1 (Mr. Santora had stated he "will not be participating in the conference"). Later that day, the CCB issued a First Failure to Prosecute Notice and First Default Notice to Mr. Santora based on his failure to attend the conference. *See id.* The Notice provided Mr. Santora until May 30, 2025 to file a response to the amended counterclaim and warned that the failure to do so may result in the CCB dismissing his claims and entering a default determination against him. *See id.*

On May 30, 2025, after the original Complaint was filed in this Court, Mr. Santora filed Claimant's Conditional Response to Amended Counterclaim with the CCB. *See* Dkt. 37-11 at 2 (CCB Dkt. 91). On June 2, 2025, the CCB issued its Order Regarding Counterclaim Response. *See* Dkt. 37-10 (CCB Dkt. 93). In its Order, the CCB explained that Mr. Santora's response failed to comply with the CCB's requirements because

> it was not filed using the Board's standardized response form, as 37 C.F.R. § 222.10(a) requires. It does not provide the contact information required by 37 C.F.R. § 222.10(b)(1) or the statement describing the dispute in detail required by 37 C.F.R. § 222.10(b)(3). It also does not include a certification signed under penalty of perjury "that the information provided in the response to the counterclaim is accurate and truthful to the best of the certifying person's knowledge," as required by 37 C.F.R. § 222.10(b)(7).

*Id.* at 1. The CCB further stated "Claimant did file something, and the Board will treat it as 'a response that indicates an intent to re-engage with the proceeding' under 37 C.F.R. §§ 227.1(c) and 228.2(c)(2)" and set a new deadline for Mr. Santora to file a response to the amended counterclaim. *Id.*

On June 13, 2025, after the new deadline in which Mr. Santora was required to file a response to the amended counterclaim, the CCB issued its Order Dismissing Claims for Failure to Prosecute and Directing Counterclaimants to Submit Default Direct Party Statement. *See* Dkt. 19-2 (CCB Dkt. 100). The CCB stated "[b]ecause of Claimant's default and failure to prosecute his claim by refusing to appear at the status conference and his failure to cure that delinquency by filing a response to the amended counterclaim that complies with the Board's regulations, Claimant's claim[s] . . . are dismissed with prejudice." *Id.* at 3 (citing 37 C.F.R. § 228.2(d)). The CCB "will proceed on the infringement counterclaim according to the regulations governing a default determination." *Id.* (citing 37 C.F.R. §§ 227.2(a), 227.1(c)).

On July 8, 2025, the CCB issued an Order Finding a Pattern of Bad-Faith Conduct and pursuant to 17 U.S.C. § 1506(y)(3) and 37 C.F.R. § 232.4(d)(1)-(2), the CCB determined that Mr. Santora is "barred from initiating any claims before the Board for the 12-month period beginning today, July 8, 2025, through July 7, 2026." CCB Dkt. 105. Specifically, the CCB found that "routinely throughout th[e CCB] proceeding" Mr. Santora "fabricated citations and quotations to support arguments contrary to the law." *Id.* at 4. On July 15, 2025, with the written consent of the Counterclaimants, the CCB dismissed the counterclaim and closed the proceedings. *See* Dkt. 37-4 (CCB Dkt. 106) ("the Board . . . dismisses this proceeding; and closes Claim No. 24-CCB-0127").

## ARGUMENT

The Second Amended Complaint does not remedy the defects in the Amended Complaint. The Court should dismiss the Second Amended Complaint because the judicial remedy that Mr. Santora seeks is not available. Further, even if review pursuant to the APA were available, the Second Amended Complaint fails to allege a reviewable claim under § 704 of

the APA.  Lastly, the Second Amended Complaint does not sufficiently allege any claim upon which relief can be granted.

## I.    Legal Standard

Pleadings made by *pro se* litigants are "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  But, "even *pro se* litigants must comply with the Federal Rules of Civil Procedure." *Boone v. Schorr*, No. 99–CV–01279, 1999 WL 1029160, at * 1 (D.D.C. May 25, 1999) (citing *Jarrell v. Tisch*, 656 F.Supp. 237, 239 (D.D.C. 1987)).  A *pro se* litigant cannot just "expect the Court to decide what claims a plaintiff may or may not want to assert." *Jarrell*, 656 F.Supp. at 239.  In evaluating a motion under Rule 12(b)(6), in addition to the allegations of the complaint, "the Court may consider . . . any documents either attached to or incorporated in the complaint[,] and matters of which [the court] may take judicial notice." *Vasaturo v. Peterka*, 177 F. Supp. 3d 509, 511 (D.D.C. 2016) (quoting *EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624 (D.C. Cir. 1997)).

The CASE Act, which governs CCB proceedings, specifically provides that judicial review of CCB decisions is "provided under section 1508(c) and not under chapter 7 of title 5," the APA.  § 1503(g).  Pursuant to § 1508(c), after the CCB "issues a . . . final determination in a proceeding . . . a party may seek an order from a district court of the United States vacating, modifying, or correcting the determination," in certain cases.  Importantly, review by a district court is limited to three enumerated circumstances: (1) "the determination was issued as a result of fraud, corruption, misrepresentation, or other misconduct"; (2) the CCB "exceeded its authority or failed to render a final determination concerning the subject matter at issue"; and (3) for determinations issued due to default or a failure to prosecute, "the default or failure was due to excusable neglect."  § 1508(c).

Section 704 of the APA provides, *inter alia*, that "final agency action for which there is no other adequate remedy in a court are subject to judicial review." 5 U.S.C. § 704. The determination of "'final agency action' within the meaning of the APA [is a] threshold question[]; if [this] requirement[ ] [is] not met, the action is not reviewable." *Fund for Animals, Inc. v. U.S. Bureau of Land Mgmt.,* 460 F.3d 13, 18 (D.C. Cir. 2006). "Although the final agency action requirement 'has been considered jurisdictional' because, without it, 'the court . . . cannot reach the merits of the dispute,' the APA grants a cause of action rather than subject matter jurisdiction." *Id.* at 18 n.4 (quoting *DRG Funding Corp. v. Sec'y of Housing & Urban Dev.*, 76 F.3d 1212, 1214 (D.C. Cir. 1996)) (citing *Califano v. Sanders*, 430 U.S. 99, 107 (1977)). Therefore, "[d]ismissal on the ground of no final agency action under the APA is properly sought under Rule 12(b)(6)." *Jicarilla Apache Nation v. U.S. Dep't of Interior*, 648 F. Supp. 2d 140, 143 (D.D.C. 2009) (citing *Fund for Animals, Inc.*, 460 F.3d at 18 n.4); *see also Perry v. U.S. Dep't of Educ.*, No. 20-CV-2003, 2021 WL 289358, at *2 (D.D.C. Jan. 28, 2021) ("Absent facts sufficient to allege a final agency action, a complaint will be dismissed for failure to state a claim.").

The Supreme Court has identified two conditions that "must be satisfied for agency action to be 'final'" for purposes of judicial review under the APA. *Bennett v. Spear*, 520 U.S. 154, 177 (1997). "First, the action must mark the 'consummation' of the agency's decisionmaking process—it must not be of a merely tentative or interlocutory nature." *Id.* at 177–78 (quoting *Chicago & Southern Air Lines, Inc. v. Waterman S.S. Corp.*, 333 U.S. 103, 113 (1948)). "[S]econd, the action must be one by which 'rights or obligations have been determined,' or from which 'legal consequences will flow.'" *Bennett*, 520 U.S. at 178 (quoting *Port of Bos. Marine Terminal Ass'n v. Rederiaktiebolaget Transatlantic*, 400 U.S. 62, 71 (1970)).

Further, pursuant to Rule 8, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atlantic*, 550 U.S. at 555 (internal quotations and citations omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.  "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  *Id.* at 679.  However, mere conclusory statements or legal conclusions "are not entitled to the assumption of truth."  *Id.* at 678.  Under the APA, it is "petitioners' burden" to allege and subsequently show that an action is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."  *Nuvio Corp. v. FCC*, 473 F.3d 302, 305 (D.C. Cir. 2006) (quoting 5 U.S.C. § 706(2)(A)).

## II.    Judicial Review is Pursuant to the CASE Act, Not the APA

As detailed in the CCB's April 1, 2025 Order, 17 U.S.C. § 1508(c) provides for judicial review of final determinations by the CCB, not the APA.  *See* § 1503(g).  Specifically, § 1508(c), Challenges to the Determination, states:

> (1) Bases for Challenge.—Not later than 90 days after the date on which the Copyright Claims Board issues a final or amended final determination in a proceeding, or not later than 90 days after the date on which the Register of Copyrights completes any process of reconsideration or review of the

determination, whichever occurs later, a party may seek an order from a district court of the United States vacating, modifying, or correcting the determination of the Copyright Claims Board in the following cases:

(A) If the determination was issued as a result of fraud, corruption, misrepresentation, or other misconduct.

(B) If the Copyright Claims Board exceeded its authority or failed to render a final determination concerning the subject matter at issue.

(C) In the case of a default determination or determination based on a failure to prosecute, if it is established that the default or failure was due to excusable neglect.

The Second Amended Complaint does not bring a claim pursuant to § 1508(c) but rather identifies "5 U.S.C. §§ 702, 706 (APA) [and] 17 U.S.C. § 1506(p) (CASE Act)" as the jurisdictional basis.[8]  Dkt. 37-3 at 1.  While the APA generally provides for judicial review of final agency actions, § 1503(g) of the CASE Act expressly states that CCB determinations cannot be reviewed under the APA.  *See* § 1503(g) ("determinations are subject to judicial review as provided under section 1508(c) and not under chapter 7 of title 5").  Further, § 1506(p) is directed at CCB hearings, not judicial review.

In requesting to amend his Complaint, Mr. Santora's Motion to Amend identified § 1508(c) and claimed the CCB's "failure to resolve the pending sanctions motions—despite earlier promises to do so—constitutes a reviewable omission under § 1508(c)(1)(B) and a failure to act as required under 5 U.S.C. § 706(1)" and requested that the Court "[c]onsider this newly ripened defect when assessing the Court's jurisdiction under 17 U.S.C. § 1508(c)."  Dkt. 37 at 2-3.  However, the Second Amended Complaint does not bring a claim under § 1508(c), does not

---

[8] The Second Amended Complaint also identifies 28 U.S.C. §§ 1331 and 1338(a) under "jurisdiction."  Dkt. 37-2 at 1.  However, the requirements of § 1508(c) must still be satisfied to state a claim for judicial review.  The Second Amended Complaint further identifies § 1506(c)(1), Major Questions Doctrine, § 1506(y), and various Title 37 C.F.R. sections.  *See* Dkt. 37-3 at 3-5.  None of these provide for judicial review of CCB decisions.

claim that the Court has jurisdiction under § 1508(c), and does not address the requirements of § 1508(c) to establish judicial review. *See* Dkt. 37-3 at 1 (identifying "5 U.S.C. §§ 702, 706 (APA); 17 U.S.C. § 1506(p) (CASE Act); [and] 28 U.S.C. §§ 1331, 1338(a)" as the jurisdictional basis). In fact, the only reference to § 1508(c) in the Second Amended Complaint is a conclusory statement that the CCB's "dismissal of the proceedings" "without ever issuing a final ruling" on Mr. Santora's motions "constitutes failure to render a final determination under 17 U.S.C. § 1508(c)(1)(B)." Dkt. 37-3 at 9-10. This conclusory statement fails to identify a claim pursuant to § 1508(c); a final determination of the CCB is not being challenged, no basis for such a challenge is identified, and no facts are alleged.

Additionally, even if the Court were to liberally construe the Second Amended Complaint as identifying a claim pursuant to § 1508(c), which it does not, it would still fail to state a claim upon which relief can be granted because the Second Amended Complaint does not challenge a "final or amended final determination" from the CCB, as required by § 1508(c), or meet the other requirements of § 1508(c) for judicial review. The final ruling by the CCB, the CCB's July 15, 2025 Order Dismissing the Counterclaim and closing the proceedings, Dkt. 37-4 (CCB Dkt. 106 ("the Board . . . dismisses this proceeding; and closes Claim No. 24-CCB-0127")), is not identified, challenged, or even discussed in the Second Amended Complaint. The Second Amended Complaint indicates that the CCB proceeding is closed, *see* Dkt. 37-3 at 9 ("[t]he CCB . . . closed the case"), 10 ("[u]pon dismissal of the proceeding"); *see also* Dkt. 37-4 (CCB Dkt. 106), but the final CCB determination is not the basis for any of the five counts of the Second Amended Complaint; the Second Amended Complaint does not challenge the final CCB determination, *see* Dkt. 37-3; *see also* Dkt. 37 at 3 ("The amendment is narrowly additive. It

does not alter or retract any part of the original Petition.") (emphasis omitted), as required for judicial review pursuant to § 1508(c).

Further, even if the Court were to conclude that the allegations in the Second Amended Complaint are challenging a final determination of the CCB, which they are not, the Second Amended Complaint still fails to allege any facts that satisfy the other requirements of § 1508(c). The Second Amended Complaint does not allege that the CCB's July 15, 2025 Order, *see* Dkt. 37-4 (CCB Dkt. 106), "was issued as a result of fraud, corruption, misrepresentation, or other misconduct" or that in issuing its Order the CCB "exceeded its authority or failed to render a final determination concerning the subject matter at issue" or claim that Mr. Santora's failure to prosecute was "due to excusable neglect." § 1508(c)(1). Again, the only reference to § 1508(c) is a conclusory statement that does not satisfy the requirements for judicial review pursuant to § 1508(c). *See* Dkt. 37-3 at 9-10 (Mr. Santora's legal conclusion that the CCB's "dismissal of the proceedings" "without ever issuing a final ruling" on his motions "constitutes failure to render a final determination under 17 U.S.C. § 1508(c)(1)(B).").

The Second Amended Complaint does not identify a justiciable claim; the allegations are not challenging a final CCB determination and fail to meet the requirements of § 1508(c) for judicial review. As such, the Second Amended Complaint fails to state a claim upon which relief can be granted.

## III.    The Second Amended Complaint Fails to Identify a Reviewable Claim

Under the plain text of the CASE Act, CCB determinations are not subject to review under the APA, *see* § 1503(g), and Mr. Santora does not assert any claims under § 1508(c). That, by itself, is dispositive of Mr. Santora's claims. But, even assuming, *arguendo*, that the

APA provided for judicial review of CCB determinations, which it does not, the Second Amended Complaint must still be dismissed.

The violations alleged in the Second Amended Complaint appear to be directed at the four interlocutory CCB orders listed in the Second Amended Complaint, "Order Granting Intervention (Docket 37)," "Order Granting Permission to Amendment (Docket 57)," and "Order[s] Denying Bad Faith Conference (Docket [39] & 45)."  Dkt. 18 at 2.  Additionally, the "Evidence of Bad Faith administrative Conduct" and Prayer for Relief sections of the Second Amended Complaint identify "Docket Entry 93," "Docket No. 52-57," "[a]ny orders permitting copyrightability determinations regarding Wednesday Addams," and "[a]ny orders based on non-existent counterclaims."  *Id.* at 6-7, 10-12.  However, none of these orders are final determinations, and the Second Amended Complaint fails to show, or even allege, that they are. While the added claim in the Second Amended Complaint, Addendum 3, states that there has been a "dismissal of the proceeding" before the CCB, *see* Dkt. 37-3 at 10, it does not discuss the final CCB determination or allege any APA, CASE Act, or other violation associated with the final determination.

Further, as to the CCB actions that are identified in the Second Amended Complaint, neither of the two conditions set out in *Bennett* are satisfied.  *See Bennett*, 520 U.S. at 177-78; *see also Delaware Valley Regional Center, LLC v. U.S. Department of Homeland Security*, 678 F.Supp.3d 73, 81 (D.D.C. 2023) ("to be final, agency action must be the consummation of a decision-making process *and* carry legal consequences or create rights and obligations") (emphasis in original).  First, the identified orders are "merely tentative or interlocutory nature" and do not "mark the 'consummation' of the agency's decisionmaking process."  *Bennett*, 520 U.S. at 177-78 (quoting *Chicago & Southern Air Lines*, 333 U.S. at 113).  The CCB orders that

are identified in the Second Amended Complaint, *inter alia*, CCB Dkt. 39, 45, 52-57, 93, did not

end the proceeding.  *See* Dkt. 18-3; Dkt. 18-4; Dkt. 18-5; *see also Franklin v. Massachusetts*,

505 U.S. 788, 797 (1992) ("The core question is whether the agency has completed its

decisionmaking process, and whether the result of that process is one that will directly affect the

parties.").  Second, the identified CCB orders did not determine "rights or obligations . . . from

which legal consequences will flow."  *Bennett*, 520 U.S. at 178.  Again, while the proceeding

before the CCB has been closed, any legal obligation or consequence flowed from the CCB's

July 15, 2025 Order, not from the CCB orders that Mr. Santora is allegedly challenging.  In fact,

the final ruling of the CCB has resolved some of the relief Mr. Santora is requesting in the

Second Amended Complaint.  Pursuant to the CCB's July 15, 2025 Order, the counterclaim has

been dismissed, *see* Dkt. 37-4 (CCB Dkt. 106); therefore, the relief requested pertaining to

Addendum 1, "Absence of Valid Counterclaim" is now moot, *see* Dkt. 37-3 at 13 (requesting

dismissal of the counterclaim).

     The Second Amended Complaint fails to identify a reviewable claim and therefore should

be dismissed.

## IV.    The Second Amended Complaint Fails to State a Claim Upon Which Relief Can be Granted

     Additionally, even assuming the Second Amended Complaint identified a reviewable

claim—which it does not—the allegations in the Second Amended Complaint fail to provide any

grounds for the relief Mr. Santora claims to be entitled to.  The Second Amended Complaint

identifies five counts, "Count I: APA Violations (5 U.S.C. § 706(2)(A))," "Count II: Ultra Vires

Actions," "Addendum 1: Absence of Valid Counterclaim," "Addendum 2: Pattern of

Administrative Bad Faith Warranting Sanctions," and "Addendum 3: Deferred But Unresolved

Sanctions Requests Constituting Live Procedural Defect."  Dkt. 37-3 at 3-4, 6, 9.  None of the

five counts meet the pleading requirements and "Addendum 1: Absence of Valid Counterclaim" is moot in light of the CCB's July 15, 2025 Order, *see* Dkt. 37-4. Therefore, the Second Amended Complaint should be dismissed.

### A.    Alleged "APA Violations"

Under the "APA Violations" count, the Second Amended Complaint alleges the "CCB acted arbitrarily" and lists five alleged actions; "[i]gnoring the Perkins Coie email and Corsearch contract," "[v]iolating its candor rule," "[a]pplying rules inconsistently," "[f]ailing to maintain a proper docket, violating federal procedural standards," and "[c]reating surprise interpretations without fair notice, exceeding its authority." Dkt. 37-3 at 3. However, other than listing these five conclusory allegations, the Second Amended Complaint fails to "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. And again, review under the APA is not available here. *See* § 1503(g). Mr. Santora concludes that the CCB "acted arbitrarily" but the Second Amended Complaint fails to provide any factual content to support this assertion. To survive a motion to dismiss, Mr. Santora is required to provide "more than labels and conclusions," *Bell Atlantic*, 550 U.S. at 555, and he has not done so.

The alleged "APA Violations" thus fail to state a claim upon which relief can be granted.

### B.    Alleged "Ultra Vires Actions"

Under the "Ultra Vires Actions" count, the Second Amended Complaint lists three "Violation[s]" and corresponding "Legal Limit[s]"—"[f]raud adjudication" with "§ 1506(c)(1)," "[c]opyrightability ruling" with "Major Questions Doctrine," and "[b]ad faith merits ruling" with "§ 1506(y)"—and claims "[b]y overstepping these clear statutory limits, the CCB lacks any lawful authority to issue its rulings." Dkt. 37-3 at 3-4. But again, the Second Amended

Complaint asserts only these legal conclusions and fails to include any facts to support them. *See id.* The allegations in the Second Amended Complaint are mere conclusory statements and legal conclusions which "are not entitled to the assumption of truth," *Iqbal*, 556 U.S. at 678, and fail to state a claim.

Further, the "legal limits" identified in the Second Amended Complaint do not "limit[] the CCB's jurisdiction" or otherwise provide a basis for a cause of action. Rather, 17 U.S.C. § 1506(c)(1), regarding "Proceedings before the Copyright Claims Board," states that proceedings shall "be conducted at the offices of the Copyright Claims Board without the requirement of in-person appearances by parties or others." Section 1506(y), regarding "Conduct of Parties and Attorneys," requires "accuracy and truthfulness of statements made by participants in proceedings before the Copyright Claims Board" and provides for an award if "a determination [by the CCB] is rendered and it is established that a party pursued a claim, counterclaim, or defense for a harassing or other improper purpose, or without a reasonable basis in law or fact." But such an award is not within the jurisdiction of this Court.

Lastly, the major questions doctrine provides that, under certain rulemaking circumstances, agencies need to identify that authority has been clearly delegated by Congress, but the doctrine does not independently create a cause of action. *See, e.g.*, *West Virginia v. EPA*, 597 U.S. 697, 706, 724-28 (2022) (applying the major questions doctrine to determine whether a new EPA rule fell within "the power granted to [the EPA] by the Clean Air Act"); *see also id.* at 735 (J. Gorsuch concurring) ("Under [the major questions] doctrine's terms, administrative agencies must be able to point to clear congressional authorization when they claim the power to make decisions of vast economic and political significance.") (internal quotations and citations omitted).

The alleged "Ultra Vires Actions" thus fail to state a claim upon which relief can be granted.

### C.    Alleged "Absence of Valid Counterclaim"

The Second Amended Complaint further requests that the Court "[d]eclare that no valid counterclaim exists" and claims that the "mandatory procedural requirements for filing counterclaims . . . remain unmet."  Dkt. 37-3 at 4, 14.  Specifically, the Second Amended Complaint alleges that 37 C.F.R. § 222.9(b) has been violated because "no amended counterclaim appears in the docket using the required eCCB counterclaim form" and that 37 C.F.R. § 222.10(a) has been violated because a "compliance notification" has not been issued and therefore "no obligation to respond has been triggered under the governing rule."  *Id.* at 4-5.  As an initial matter, as discussed above, the CCB's July 15, 2025 Order dismissed the counterclaim.  *See* Dkt. 37-4 (CCB Dkt. 106).  As such, the relief requested—"declare that no valid counterclaim exists," Dkt. 37-3 at 14—is moot, and Addendum 1 of the Second Amended Complaint should be dismissed.

Additionally, Addendum 1 fails to state a claim.  Addendum 1 does not identify a reviewable claim pursuant to § 1508(c) and to the extent Mr. Santora is attempting to assert an APA claim, the APA does not provide relief.  *See* § 1503(g).  Further, the allegations related to the claimed "absence of valid counterclaim" are mere conclusory statements and legal conclusions which "are not entitled to the assumption of truth," *Iqbal*, 556 U.S. at 678, and fail to state a claim.  The Second Amended Complaint fails to identify any facts to support these conclusions.

The cited statutes and the identified CCB Order, CCB Dkt. 57, do not support Mr. Santora's legal conclusions.  37 C.F.R. § 222.12(d), which governs amendments after a response

is filed, does not specify what steps, if any, a respondent must take once the CCB grants leave to amend a counterclaim.  Additionally, 37 C.F.R. § 222.12(d)(1) states that the time to respond to an amended pleading is "within the time remaining to respond to the original pleading or within 30 days after the Board's notification that the amended pleading is compliant, whichever is later" "[u]nless the Board orders otherwise."  Here, the CCB's March 19, 2025 Order, CCB Dkt. 57, detailed how the CCB had previously "found the counterclaim compliant" and that the amended counterclaim would "clarify which particular works Respondents assert were infringed" "which are the same works listed in the spreadsheet filed with the counterclaim."  Dkt. 37-8 at 1 (citing CCB Dkt. 41).  As such, it is clear that the CCB viewed this amendment as a simple clarification of the existing counterclaim that was previously found to be compliant, rather than a substantive modification.  *See id.*  The CCB's March 19 Order further provided a date on which to respond to the amended counterclaim by:

> Under 37 C.F.R. § 222.12(d), the Board grants Respondents' Request and deems the counterclaim amended.  For the duration of this proceeding, it is understood that the counterclaim is claiming infringement of the 'Wednesday' character as depicted, described, and/or appearing in the works listed in Exhibit A to the Request.  Dkt. 52.  As provided in 37 C.F.R. § 222.12(d)(1), Claimant may file a response to the counterclaim, as now clarified, by April 18, 2025.

*Id.* at 2.  No claim upon which relief can be granted is identified in the "Absence of Valid Counterclaim" section of the Second Amended Complaint.

### D.    Alleged "Pattern of Administrative Bad Faith Warranting Sanctions"

Mr. Santora is also seeking "Rule 11 sanctions, attorney fees, and individual liability" due to the alleged "bad faith" actions of the CCB.  Dkt. 37-3 at 6-9, 11-13.  But again, this count fails to state a claim upon which relief can be granted.  Addendum 2 does not identify a reviewable claim pursuant to § 1508(c)(1)(B) and, as discussed above, APA review is not available here.  Further, the Federal Rules of Civil Procedure do not govern proceedings before

24

the CCB.  *See* Fed. R. Civ. P. 1 ("These rules govern the procedure in all civil actions and

proceedings in the United States district courts"); *see also* 37 C.F.R. § 222.1 ("The Board is not

bound by the Federal Rules of Civil Procedure or the Federal Rules of Evidence.").

Rule 11(c), Sanctions, states, "[i]f . . . the court determines that Rule 11(b) has been

violated, the court may impose an appropriate sanction on any attorney, law firm, or party that

violated the rule or is responsible for the violation" and Rule 11(b) governs representations made

to a United States district court.  The Second Amended Complaint does not identify any

representations made to this Court let alone any representations that violate Rule 11(b).  *See* Dkt.

37-3.  Instead, Mr. Santora appears to seek sanctions for conduct that allegedly occurred in his

proceeding before the CCB.  The Second Amended Complaint fails to state a claim upon which

relief pursuant to Rule 11 can be granted.

The Second Amended Complaint additionally claims the CCB's "conduct violates

multiple constitutional provisions" including due process, equal protection, and 42 U.S.C.

§ 1983.  Dkt. 37-3 at 8-9.  The Second Amended Complaint concludes that the CCB's alleged

"conduct violates multiple constitutional provisions," but fails to identify any facts to support the

conclusion.  *Id.*  These legal conclusions "are not entitled to the assumption of truth" and simply

listing "constitutional provisions" is insufficient to meet the pleading requirements.  *Iqbal*, 556

U.S. at 678.  As discussed in the CCB's Opposition to Mr. Santora's Constitutional Motion, if

the Court determines that Mr. Santora has raised a valid constitutional challenge, the CCB will

respond at the appropriate time.  *See, e.g.*, Dkt. 38 (detailing how Mr. Santora's Constitutional

Motion is premature at best).  But, Addendum 2 fails to state a claim upon which relief can be

granted.

E.    **Alleged "Deferred But Unresolved Sanctions Requests Constituting Live Procedural Defect"**

Lastly, Mr. Santora claims the CCB "deferred" resolution on the merits of his requests for "sanctions and bad-faith determinations," CCB Dkt. 30, 33, and 44, and then "closed the case without ever issuing a final ruling." Dkt. 37-3 at 9. Specifically, Mr. Santora claims "[t]he CCB acknowledged these filings, issued temporary deferrals, and later closed the case without ever issuing a final ruling. This unresolved status renders those issues jurisdictionally live." *Id.* Mr. Santora requests that the Court "[d]eclare the CCB's failure to rule . . . a structural procedural defect," "[o]rder the CCB to issue a final determination on those motions . . . or . . . adjudicate them de novo under § 1508(c)" and "[t]reat the CCB's failure to act as a basis for finding administrative bad faith under § 1508(c)(1)(B)." *Id.* at 16-17.

Contrary to Mr. Santora's claims, the three motions identified, CCB Dkt. 30, 33, and 44, were adjudicated. As the screen shot of the CCB docket on page 11 of the Second Amended Complaint shows, Mr. Santora's motions, CCB Dkt. 30, 33, and 44, were specifically "denied." Dkt. 37-3 at 11; *see also* Dkt. 37-9 (CCB Dkt. 39 and 45). Further, in the "Statement of Facts" section of the Second Amended Complaint, Mr. Santora acknowledges that these motions were denied; under "CCB's Unlawful Orders," Mr. Santora states "[o]rder[s] denying bad faith conference (Docket [39] & 45)." Dkt. 37-3 at 2. In an attempt to minimize the plain text of CCB Dkt. 39 and 45, Mr. Santora claims that these

> denial[s] w[ere] accompanied by **sealed, unsigned, and procedurally irregular "Docket notes"**—neither publicly available nor issued in conformity with the CCB's regulatory obligations under 17 U.S.C. § 1506(f) or 37 C.F.R. § 220.1.[9]

---

[9] Mr. Santora also claims that the Docket Notes are "improper" and "inaccessible to the public or the parties, and issued without statutory or regulatory authority." Dkt. 37-3 at 10. Again Mr. Santora fails to provide any facts to support these conclusory statements or any citations for the erroneous legal conclusions.

> The lack of proper notice, signature, or transparency renders the denial legally
> infirm.  This constitutes both a procedural defect and a violation of due process.

Dkt. 37-3 at 9 (emphasis in original).  But again, Mr. Santora fails to provide any facts to support

his conclusory statements, and while he cites § 1506(f) and 37 C.F.R. § 220.1, these citations do

not support his erroneous legal conclusions.  As discussed above, § 1506 is directed at the

conduct of CCB proceedings.  Specifically, § 1506(f) discusses the CCB's "[r]eview of claims

and counterclaims" but does not address CCB orders or the "CCB's regulatory obligations;"

§ 1506(f) is irrelevant to Mr. Santora's conclusory claims.[10]  Additionally, 37 C.F.R. § 220.1

provides various definitions, but none are directed at CCB orders or the "CCB's regulatory

obligations;" 37 C.F.R. § 220.1 is also irrelevant to Mr. Santora's conclusory claims.  Further,

contrary to Mr. Santora's claims, Docket Notes are not "procedurally irregular" or "improper"

but rather are CCB orders that are docketed as text-only, meaning, similar to a District Court

Minute Order, the Docket Notes appear on the docket as a text-only order and do not include an

attached document.[11]  *See, e.g.*, Comment to LCvR 5.4(c)(3) ("an order or notice (such as a

minute entry or scheduling notice) entered on the docket without an attached document is official

and binding.").

    While the text of both CCB Dkt. 39 and CCB Dkt. 45 clearly deny Mr. Santora's

motions, *see* Dkt. 37-3 at 11; Dkt. 37-9, even if Mr. Santora is correct that the CCB "deferred"

---

[10] The CCB also notes that during the proceedings before the CCB, Mr. Santora claimed that § 1506(f) included a "duty to assist parties and public."  *See, e.g.*, Dkt. 37-3 at 18 (citing Dkt. 37-17 (CCB Dkt. 82) (Mr. Santora's Request Clarification and Mandatory Public Disclosure of CCB Standards and Policies in which Mr. Santora claimed § 1506(f) required a "duty to assist *pro se* parties")).  Again, § 1506(f) discusses the CCB's "[r]eview of claims and counterclaims" but does not include any "duty to assist *pro se* parties."  *See* § 1506(f).

[11] Due to the functionality of CCB's electronic filing system, a lock symbol and pop-up notice are shown with Docket Notes.  However, similar to a Minute Order, there is no document associated with a Docket Note and nothing is restricted from view.

adjudicating the "bad-faith" motions on the merits, the allegations in Addendum 3 of the Second

Amended Complaint still fail to meet the pleading requirements; the claims are merely

conclusory statements and erroneous legal conclusions.  *See Iqbal*, 556 U.S. at 678.  The Second

Amended Complaint does not identify any facts to support Mr. Santora's conclusion that the

CCB was required to adjudicate the merits of Mr. Santora's motions and neither § 1506(c)(1)(B),

*Leedom v. Kyne*, nor *Chambers v. NASCO, Inc.*, *see* Dkt. 37-3 at 10, provide any support.  *See,*

*e.g.*, *Leedom v. Kyne*, 358 U.S. 184, 185 (1958) (determining "whether a Federal District Court

has jurisdiction of an original suit to vacate [a] determination of the [NLRB] . . . made in excess

of its powers"); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 35 (1991) ("explor[ing] the scope of the

inherent power of a federal court to sanction a litigant for bad-faith conduct").  Further, pursuant

to 37 C.F.R. § 220.1(e), after the CCB determined that dismissal of Mr. Santora's claim was

required due to Mr. Santora's failure to prosecute his claim, *see* Dkt. 19-2 at 3 (CCB Dkt. 100)

(citing 37 C.F.R. § 228.2(d)), any such obligation to provide a determination on the merits was

removed.  *See* 37 C.F.R. § 220.1(e) ("A final determination generally assesses the merits of the

claims in the proceeding, except when issued to dismiss a claimant's claims for failure to

prosecute.").

Lastly, while § 1508(c) is directed at judicial review of CCB determinations and provides

the procedure to challenge a final determination of the CCB, it does not provide a basis for the

relief Mr. Santora is requesting in Addendum 3; specifically, to "allow th[e] Court to adjudicate

[the motions] de novo" and "find[] administrative bad faith under § 1508(c)(1)(B)," Dkt. 37-3 at

16-17.  *See* § 1508(c)(1)(B) ("a party may seek an order from a district court of the United States

vacating, modifying, or correcting the [final] determination of the" CCB "[i]f the Copyright

Claims Board exceeded its authority or failed to render a final determination concerning the

subject matter at issue").  The allegations related to Addendum 3 in the Second Amended

Complaint are mere conclusory statements and erroneous legal conclusions which "are not

entitled to the assumption of truth," *Iqbal*, 556 U.S. at 678, and fail to state a claim.

    None of the five counts of the Second Amended Complaint satisfy the pleading

requirements, and the Court should dismiss the Second Amended Complaint for failure to state a

claim upon which relief can be granted.

## CONCLUSION

    For the forgoing reasons, the CCB respectfully requests that the Court dismiss the Second

Amended Complaint.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

SCOTT BOLDEN
Director

Of Counsel:
PHILIP CHARLES STERNHELL
Assistant Director
MARGARET HIBNICK
Trial Attorney
U.S. Dept. of Justice

/s/ Jenna Munnelly
JENNA MUNNELLY
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Washington, DC 20530
Email:        jenna.e.munnelly@usdoj.gov
Telephone:  (202) 616-1061

EMILY L. CHAPUIS
Acting General Counsel
JOHN R. RILEY
Acting Deputy General Counsel
U.S. COPYRIGHT OFFICE

*Attorneys for the Defendant*

Dated:  August 20, 2025

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| FRANCESCO SANTORA, | No. 25-cv-01055 |
| Plaintiff, | |
| v. | |
| COPYRIGHT CLAIMS BOARD, | Judge Timothy J. Kelly |
| Defendant. | |

**[PROPOSED] ORDER GRANTING THE DEFENDANT'S
MOTION TO DISMISS THE SECOND AMENDED COMPLAINT**

Defendant's Motion to Dismiss the Second Amended Complaint is GRANTED.  All claims against Defendant are DISMISSED for failure to state a claim upon which relief can be granted.

IT IS SO ORDERED.