**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

**FRANCESCO SANTORA,**
 Plaintiff,

v.

**COPYRIGHT CLAIMS BOARD,**
 Defendant.

Civil Action No. 1:25-cv-01055 (TJK)

---

# PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S SECOND MOTION TO DISMISS AS PROCEDURALLY IMPROPER OR, IN THE ALTERNATIVE, NOTICE OF ELECTION TO TREAT DEFENDANT'S MOTION AS AN ANSWER *[Fed. R. Civ. P. 12(f); Rule 8(b)(6); Rule 5.1(c); Inherent Authority]*

Plaintiff Francesco Santora, pro se, respectfully moves this Court to strike Defendant's Second Motion to Dismiss (ECF No. __) as procedurally improper under Fed. R. Civ. P. 12(f). In the alternative, Plaintiff elects to treat the filing as Defendant's operative Answer under Fed. R. Civ. P. 8(b).

---

## I. Motion to Strike

On July 31, 2025, this Court granted Plaintiff's Motion to Amend, denied Defendant's first Motion to Dismiss as moot, and ordered Defendant to "answer or otherwise respond to the Second Amended Petition by August 21, 2025." (Minute Order, July 31, 2025).

Instead of filing a proper Answer, Defendant submitted a second Motion to Dismiss that recycles mooted arguments, disputes facts alleged in the Second Amended Petition, and contradicts its own prior positions. The filing functions as a "shadow Answer" rather than a Rule 12(b)(6) motion, which must confine itself to testing the sufficiency of the pleadings. See *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Defendant's filing not only violates the Court's directive but also undermines the orderly administration of justice by attempting to relitigate mooted issues under the guise of a Rule 12(b)(6) motion.

Because the filing is redundant, immaterial, and contrary to the Court's directive, it should be stricken under Rule 12(f). In the alternative, the Court should strike the motion pursuant to its inherent authority to manage its docket and prevent abusive litigation tactics. See *Dietz v. Bouldin*, 579 U.S. 40, 47 (2016); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991).

## II. Alternative Notice of Election to Treat as Answer

In the alternative, Plaintiff elects to treat Defendant's filing as its Answer under Rule 8(b).

Any statements purporting to deny allegations shall be treated as responsive denials.

Any allegations not specifically denied must be deemed admitted under Rule 8(b)(6). See *American Auto. Ass'n v. AAA Legal Clinic of Jefferson Crooke, P.C.*, 930 F.2d 1117, 1120 (5th Cir. 1991).

Plaintiff's reliance on Rule 8(b)(6) is not speculative—it is now operative and binding. Defendant's failure to file a proper Answer triggers procedural consequences that Plaintiff will enforce in all subsequent phases of litigation, including discovery, dispositive motions, and trial preparation, unless and until the Court orders otherwise.

## III. Memorandum of Law

### A. Hybrid Motions as "Shadow Answers" Are Improper

Rule 12(b)(6) motions must accept all well-pleaded allegations as true. *Iqbal*, 556 U.S. at 678. Where a motion intermixes factual denials and merits disputes, it is not a dismissal motion but an improper "shadow Answer." See *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010).

Defendant's Motion asserts, for example, that Plaintiff's misconduct motions "were adjudicated" (contradicting the Second Amended Petition), that the CCB's dismissal was simultaneously "not final" and "with prejudice," and that exhaustion applies even while claiming immunity. These are factual contradictions and merits arguments, not 12(b)(6) contentions.

### B. Courts May Treat Improper Motions as Answers

Courts routinely construe mislabeled filings as functional Answers. See *Beazer East, Inc. v. Mead Corp.*, 525 F.3d 255, 261 n.6 (3d Cir. 2008); *Lichtenstein v. Barbanel*, 161 F. App'x 461, 464 (6th Cir. 2005); *S.E.C. v. McNulty*, 137 F.3d 732, 735 (2d Cir. 1998). Once treated as an Answer, Rule 8(b)(6) requires deeming any allegation not specifically denied as admitted.

### C. Law of the Case Bars Relitigation of Mooted Issues

This Court has already denied Defendant's first Motion to Dismiss as moot and accepted Plaintiff's Second Amended Petition as the operative pleading. (Minute Order, July 31, 2025). Defendant's attempt to recycle those arguments disregards the law of the case. See *Arizona v. California*, 460 U.S. 605, 618 (1983).

### D. Isolated Sufficiency Points Are Defective

Defendant raises three passages that arguably resemble sufficiency challenges:

- **APA Vagueness Allegation**: APA review is barred by 17 U.S.C. § 1503(g); § 1508(c) governs. Defendant's own Motion concedes APA review is unavailable.

- **Ultra Vires Challenge**: Plaintiff's constitutional claims are already accepted in the Second Amended Petition; Defendant's objection is foreclosed by the July 31 order.

- **Bad Faith Sanctions**: Defendant disputes facts regarding deferred rulings, but such disputes are for summary judgment, not dismissal.

### E. Defendant Cannot Defer Sovereign Constitutional Defense

Defendant suggests that Plaintiff's constitutional challenges to the CASE Act may be addressed "later." But "later" has already passed. Rule 5.1(c) required the Attorney General to intervene within 60 days of notice. No such intervention occurred, and no sovereign filing appears on the docket.

The Attorney General's silence is not merely procedural—it is constitutional abandonment. The CASE Act now stands undefended on its merits, and the Court must adjudicate Plaintiff's constitutional claims as unrebutted.

The procedural consequence is not discretionary. Rule 5.1(c) sets a deadline for sovereign intervention, and its expiration triggers adjudicative finality. See *United States v. Windsor*, 570 U.S. 744, 757 (2013). Courts recognize that sovereign non-participation under Rule 5.1 carries consequences. See *Okpalobi v. Foster*, 244 F.3d 405, 408–09 (5th Cir. 2001).

Agency counsel for the CCB cannot retroactively cure sovereign default. Any attempt to "reserve" constitutional arguments for the future is ultra vires and procedurally foreclosed.

---

## IV. Relief Requested

For the foregoing reasons, Plaintiff respectfully requests that the Court:

1. Strike Defendant's Second Motion to Dismiss as procedurally improper under Rule 12(f), or under the Court's inherent authority to manage its docket;

2. Direct Defendant to file a proper Answer within fourteen (14) days; or, in the alternative,

3. Deem Defendant's Motion to Dismiss to be its Answer, with uncontested allegations admitted under Rule 8(b)(6) and Plaintiff's constitutional claims deemed established by sovereign default under Rule 5.1(c).

Defendant's filing is not a motion to dismiss—it is a procedurally defective Answer masquerading as dismissal. It contests facts, reargues mooted issues, and evades Rule 5.1 default.

The Court should not indulge this procedural sleight-of-hand. Plaintiff respectfully requests enforcement of the Court's prior order and imposition of the procedural consequences that flow from Defendant's strategic noncompliance, including treating Plaintiff's constitutional claims as established for purposes of adjudication.

---

Respectfully submitted,
/s/ Francesco Santora
FRANCESCO SANTORA, Pro Se

santora@gmail.com

8/21/2025