# IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

**FRANCESCO SANTORA,**
Plaintiff,

v.

**COPYRIGHT CLAIMS BOARD,**
Defendant.

Civil Action No. 1:25-cv-01055 (TJK)

---

# PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO REQUIRE CLARIFICATION OF COUNSEL PARTICIPATION, AUTHORITY, AND CONFLICT OF FUNCTIONS

Plaintiff Francesco Santora, appearing *pro se*, respectfully submits this Reply in support of his Motion to Require Clarification. Defendant's Opposition does not engage the central evidence presented to the Court, fails to provide the clarification requested, and instead relies on procedural diversion. The Court should grant the Motion.

---

### I. DEFENDANTS' SILENCE ON THE OGIS COMPLIANCE COMMUNICATION IS A CONSTRUCTIVE ADMISSION

Plaintiff's Motion rests on a documented and undisputed fact: the Office of Government Information Services ("OGIS"), the federal FOIA ombudsman, issued a formal compliance communication stating that Defendant's FOIA appeal determination violated the law.

As set forth in Exhibit 1 (Dkt. 57-3), OGIS, acting under 5 U.S.C. § 552(h), stated that:

1. Defendant's June 20, 2025 letter was an **"adverse determination" that omitted mandatory appeal rights required by 5 U.S.C. § 552(a)(6)(A)(ii);**
2. OGIS contacted the U.S. Copyright Office's FOIA Public Liaison—the official designated under 5 U.S.C. § 552(j) to assist in resolving disputes—multiple times seeking corrective action; and
3. The agency declined to respond to OGIS's inquiries.

This is not background context. It is a formal compliance communication submitted to the Court as an exhibit. Yet Defendant's Opposition does not mention the OGIS letter, dispute its contents, explain the statutory violation, or address the agency's refusal to engage with the federal mediator.

Where formal compliance communications are placed in the record and remain unrebutted, courts may treat such facts as admitted for purposes of resolving the motion. *See United States v. $281,420.00 in U.S. Currency*, 2019 WL 2357531, at *4 (D.D.C. June 4, 2019).

This unrebutted defect is central because the procedurally unlawful FOIA determination was authored by Emily L. Chapuis, Acting General Counsel of the U.S. Copyright Office—who now appears as "Of Counsel" for Defendants in this litigation. Thus, the Court is presented with an official who oversaw a procedurally unlawful FOIA determination concerning this very case and who now seeks to defend the agency's actions as an advocate. This is the structural conflict requiring clarification.

This pattern of non-engagement is ongoing. Defendant attaches as its own Exhibit A Plaintiff's December 3, 2025 email demanding an administrative appeal. Defendant's Opposition is silent as to whether it responded. The record therefore reflects a continuing refusal to engage with the administrative process, whether through OGIS or through direct communication with the requester.

---

## II. DEFENDANTS' LOCAL RULE 7(m) OBJECTION IS MOOT AND MISPLACED

Defendant argues that the Motion should be denied for failure to confer under Local Civil Rule 7(m). That argument fails.

### A. Conferral Occurred Through OGIS Mediation
OGIS, acting in its statutory role as the federal FOIA dispute-resolution authority, contacted the agency's FOIA Public Liaison multiple times regarding the defective FOIA appeal determination. Dkt. 57-3. The FOIA Public Liaison is designated under 5 U.S.C. § 552(j) to assist in resolving disputes between requesters and agencies.

OGIS's repeated inquiries constituted substantive conferral on the very issues raised in this Motion. Defendant's refusal to respond does not negate conferral; it demonstrates obstruction.

**B. Direct Conferral with Counsel of Record Occurred**

Defendant's own Exhibit A is Plaintiff's December 3, 2025 email sent to agency counsel and the FOIA Public Liaison demanding an appeal. Emily L. Chapuis—whose authority is at issue—is listed as "Of Counsel" on Defendant's filing (Dkt. 58 at 7). As counsel of record, she received Plaintiff's communication. Defendant does not contend that it replied.

**C. Further Conferral Was Impracticable**

Local Rule 7(m) does not require futile acts. Courts have excused conferral where circumstances make it impracticable or futile. *See Carter v. Bank of America*, 2019 WL 1254913, at *2 (D.D.C. Mar. 19, 2019)*. It is impracticable to require a party to confer with opposing counsel about whether that same counsel is ethically conflicted or acting without authority.

Defendant's reliance on Rule 7(m) is a procedural diversion. Conferral occurred, and further conferral was impracticable. The objection is meritless.

---

## III. DEFENDANTS PROVIDE NO CLARIFICATION ON THE SUBSTANTIVE CONFLICT

Plaintiff's Motion seeks narrow clarification. Defendants provide none.

Defendants do not:

1. Identify any statute authorizing Ms. Chapuis's participation as counsel;
2. Identify any delegation from the Attorney General under 28 U.S.C. § 510;
3. Deny that Ms. Chapuis acted as the FOIA appeal adjudicator;
4. Deny that she is listed as "Of Counsel" in this litigation;
5. Deny that OGIS identified a procedural violation and sought corrective engagement;
6. Produce or identify any governing documents defining her permissible role.

A motion to clarify is not defeated by disagreement; it is defeated by clarification. Defendants have not clarified.

---

## IV. DEFENDANTS' REPRESENTATION RAISES A FUNDAMENTAL QUESTION OF AUTHORITY AND SEPARATION

A threshold issue now emerges that Defendants' Opposition does not address: by what authority does counsel for the U.S. Copyright Office purport to represent the Copyright Claims Board in this litigation.

This action is brought against the Copyright Claims Board ("CCB"), an adjudicative tribunal established by Congress as an alternative forum. *See* 17 U.S.C. § 1502. Although the CCB is housed within the Copyright Office for administrative purposes, its adjudicative officers are appointed by the Librarian of Congress and exercise adjudicative functions defined by statute.

Defendants' Opposition is signed by Department of Justice counsel, but also lists Emily L. Chapuis, Acting General Counsel of the U.S. Copyright Office, as "Of Counsel." Ms. Chapuis is not counsel for the CCB. She is counsel for the Copyright Office, a separate entity that is not the named Defendant in this case.

Defendants have identified no statute, regulation, or delegation authorizing the General Counsel of the Copyright Office to serve as litigation counsel for the CCB. They have produced no delegation from the Attorney General under 28 U.S.C. § 510, nor have they shown any authority under 28 U.S.C. §§ 516–519, which reserve the conduct of litigation to the Department of Justice absent specific statutory authorization. No governing document explains how representation of an adjudicative tribunal by counsel for a separate agency comports with the statutory structure established by Congress.

This arrangement collapses three distinct entities—the Department of Justice, the Copyright Office, and the Copyright Claims Board—into a single litigation posture. That collapse raises a serious question of authority and separation that is independent of, and in addition to, the dual-role conflict addressed above.

Defendants' Opposition fails entirely to address this threshold issue. Before any further proceedings, the Court should require Defendants to clarify the authority by which the Copyright Office's General Counsel appears on behalf of the Copyright Claims Board.

---

## CONCLUSION

Defendant's Opposition is non-responsive. It ignores a formal OGIS compliance communication, fails to rebut the facts, and provides no clarification of authority, delegation, or conflict-screening. These questions—regarding the conceded FOIA violation, the impracticability of conferral, the lack of substantive clarification, and the fundamental authority of Copyright Office counsel to represent the CCB—require the Court's intervention.

Plaintiff respectfully requests that the Court order Defendants to file a certified statement identifying any statutory or delegated authority for Ms. Chapuis's participation, describing

any conflict-screening or separation measures in place, and addressing OGIS's compliance communication. Absent such clarification, her dual role remains procedurally defective and ethically conflicted.

Respectfully submitted,

12/18/25
/s/ Francesco Santora
**Francesco Santora**
Plaintiff, *Pro Se*

---

## TABLE OF AUTHORITIES

### Cases

- *United States v. $281,420.00 in U.S. Currency*, 2019 WL 2357531 (D.D.C. June 4, 2019)
- *Carter v. Bank of America*, 2019 WL 1254913 (D.D.C. Mar. 19, 2019)
- *Withrow v. Larkin*, 421 U.S. 35 (1975)

### Statutes

- 5 U.S.C. § 552(a)(6)(A)(ii)
- 5 U.S.C. § 552(h)
- 5 U.S.C. § 552(j)
- 17 U.S.C. § 1502
- 28 U.S.C. § 510
- 28 U.S.C. §§ 516–519