**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

FRANCESCO SANTORA,

    *Plaintiff*,

  v.

COPYRIGHT CLAIMS BOARD,

    *Defendant*.

Civil Action No. 25-1055 (TJK)

**MEMORANDUM OPINION**

Francesco Santora self-published a novel and sold it on Amazon.  In 2024, he received "takedown" notices accusing him of infringing an "Addams Family" franchise copyright.  So he brought a claim against Metro-Goldwyn-Mayer Studios Inc., or MGM, before the Copyright Claims Board, seeking a declaration of noninfringement.  MGM and another interested copyright holder, the Tee & Charles Addams Foundation, counterclaimed for copyright infringement.  Eventually, the Board dismissed his claim for failure to prosecute.  While those proceedings were pending, Santora sued the Board here, alleging a slew of irregularities with how it was handling his case.  The Board moves to dismiss for failure to state a claim.  The Court agrees Santora has not done so—in part because he has conceded most of the Board's arguments—and so it will grant the Board's motion and dismiss the case.

I.  **Background**

  A.  **The Copyright Claims Board**

Established by Congress under the Copyright Alternative in Small-Claims Enforcement ("CASE") Act of 2020, the Copyright Claims Board ("Board") provides "an alternative forum" where "parties may voluntarily . . . resolve certain copyright claims regarding any category of

copyrighted work." 17 U.S.C. § 1502(a). *See Bell v. Wilmott Storage Servs., LLC*, 12 F.4th 1065, 1080 (9th Cir. 2021). Housed within the Library of Congress's Copyright Office, the three-member Board renders "determinations on the civil copyright claims, counterclaims, and defenses that may be brought before [it]," 17 U.S.C. §§ 1502(b)(1), 1503(a)(1)(A), and awards remedies generally limited to "[m]onetary recovery" capped at $30,000 per claimant, attorneys' fees and costs, and voluntary agreements to cease certain activities, 17 U.S.C. § 1504(e)(1)(A), (e)(1)(D).

### B.    Procedural History

The relevant procedural history in this case is a tale of two separate proceedings. In June 2024, Santora filed an amended claim against MGM with the Board. *See Santora v. Metro-Goldwyn-Mayer Studios Inc. et al.*, No 24-CCB-0127, CCB Dkt. 10 (Copyright Claims Bd. June 20, 2024).[1] He sought a declaration of noninfringement as to his copyrighted book, and brought a misrepresentation claim against MGM under 17 U.S.C. § 512(f). *Id.* Santora alleged that Amazon, prompted by MGM's "takedown" notices under the Digital Millennium Copyright Act ("DMCA"), wrongfully "suspended sales of [his] book" based on alleged copyright infringement, "causing financial loss and reputational damage."[2] *Id.* He also alleged that MGM's "silence"

---

[1] Santora attaches to his complaint a handful of filings and orders related to his proceeding before the Board. *See* ECF Nos. 52-4, 52-5, 52-6, 52-7, 52-12, 52-14. While he does not attach the full administrative record, "[c]ourts may take judicial notice of administrative documents and agency actions, which are generally of public record, without converting a motion to dismiss to a motion for summary judgment, particularly where those documents are central to the plaintiff's claim." *Fontanez v. Berger*, 21-cv-02073 (RC), 2022 WL 3646353, at *1 n.3 (D.D.C. Aug. 24, 2022) (cleaned up). Thus, the Court considers the entire administrative record of the Board's proceedings—available at https://dockets.ccb.gov/case/detail/24-CCB-0127—in resolving the Board's motion. In this Opinion, citations to orders and materials filed in Santora's CCB proceeding are noted with the abbreviation "CCB Dkt."

[2] "[T]he DMCA creates a 'notice and takedown' procedure through which a copyright owner or someone authorized to act on their behalf may notify a service provider of infringing activity and request its removal. Notices must include, among other things, an identification of the infringed and infringing works . . . as well as statements that the complaining party has a good-

2

regarding the takedown notices constituted misrepresentation under Section 512(f) of the Copy-right Act. *Id.* He contended that his book was "an original," "derivative" "work [that] doesn't infringe upon MGM's copyrights" because, among other reasons, the title character "is distinctly different from the character portrayed in MGM's series Wednesday Addams." *Id.* Santora served his claim on MGM in late July 2024, and MGM's 60-day window to opt out of the proceedings expired on September 23, 2024. CCB Dkt. No. 17; *see* 17 U.S.C. § 1506(i).

Over the next month, Santora filed several motions before the Board seeking relief from MGM's takedown notices. On September 23, 2024, he requested a conference to address MGM's "bad-faith conduct" of "continu[ing] to issue DMCA takedown notices" without "verif[ying] . . . the alleged infringements." CCB Dkt. No. 22. But because MGM had not yet appeared in the proceeding, the Board denied the motion as premature. *See* CCB Dkt. No. 23 (citing 27 C.F.R. § 220.5(a)(2)). About a week later, Santora moved to sanction MGM for its "knowing misrepre-sentations and deliberate abuse of DMCA [takedown notices]," CCB Dkt. No. 30 at 1, before moving again later that month for a conference to address MGM's "bad-faith" and "abusive DMCA takedown notices." CCB Dkt. No. 33 (citation modified).

With those motions pending, the Tee & Charles Addams Foundation moved to intervene in the Board proceeding as "the owner and licensor of all original intellectual property rights in . . . The Addams Family franchise." CCB Dkt. No. 35. The Foundation proposed to file, with MGM, a joint response and counterclaim in which they asserted that Santora's book "infringe[d] the copyright in the 'Wednesday' character from *The Addams Family* franchise." CCB Dkt. No.

---

faith belief that use of the material is unauthorized. . . . Notices do not, however, need to include the basis for that belief. Once notified, the service provider can . . . 'expeditiously' remov[e] or disable[e] access to the material." *WhaleCo Inc. v. Shein Tech. LLC*, 23-cv-3706 (TJK), 2025 WL 445187, at *1 (D.D.C. Feb. 9, 2025) (quoting 17 U.S.C. § 512(c)).

36 at 1.  Finding that the Foundation was a "necessary party [under] 37 C.F.R. § 222.14(a)"—and because Santora had not timely opposed the request—the Board granted the Foundation's request to intervene in December 2024.  ECF No. 37-7.

At that time, the Board also denied Santora's pending motions for sanctions and for a conference, finding that he had offered "[no] basis to find that [MGM or the Foundation] have acted in bad faith" and that his "allegations on the merits [would] be handled at the appropriate stages of th[e] proceeding."  ECF No. 37-9 (CCB Dkt. Nos. 39 & 45).  In addition, because MGM and the Foundation had not filed their response and counterclaim using the Board's standardized forms, *see* 37 C.F.R. §§ 222.8(a), 222.9(b), the Board ordered them to file an amended response and counterclaim using the proper templates.  *See* CCB Dkt. No. 38.  They did so in January 2025.  *See* CCB Dkt. No. 40.  Santora responded to the amended counterclaim later that month.  *See* CCB Dkt. No. 42.

About a week later, at the end of January 2025, Santora filed his third request for a conference related to MGM's alleged "bad faith" conduct involving the takedown notices.  *See* CCB Dkt. No. 44.  The Board denied the request on the same grounds as before.  *See* CCB Dkt. No. 45 ("Claimant does not provide a basis to find that Respondents have acted in bad faith" and "[his] allegations on the merits will be handled at the appropriate stages of this proceeding.").

On February 28, 2025, the parties met for a status conference, and the Board officer noted that the amended counterclaim listed only one allegedly infringed work, while another "section . . . list[ed] hundreds of 'Addams Family-related' works with copyright registrations."  CCB Dkt. No. 57.  To clarify, MGM and the Foundation sought leave to amend their counterclaim with the full list.  CCB Dkt. No. 54 at 3.  In March 2025, the Board granted them leave to do so, and directed Santora to respond by April 18, 2025.  CCB Dkt. No. 57 at 2.  That deadline was later stayed

pending a status conference scheduled for April 30, 2025.  *See* CCB Dkt. No. 65.

On April 7, 2025, with the Board proceedings ongoing, Santora sued the Board in this Court over its handling of those proceedings.  ECF No. 1.

After Santora failed to attend the April 30, 2025 status conference before the Board, it issued a failure to prosecute and default notice, giving him a month—until May 30, 2025—to respond to the amended counterclaim and warning him that "failure to proceed in the proceeding may result in the Board . . . dismissing his claims and entering a default determination against him."  CCB Dkt. No. 79.  On May 15, 2025, the Board issued a second notice, warning Santora that failure to respond by the May 30 deadline would result in dismissal of his claims with prejudice.  *See* CCB Dkt. No. 83.  On May 30, 2025, Santora responded to the amended counterclaim— styled as a "conditional answer . . . filed under protest and subject to all pending motions and constitutional review"—denying the allegations and asserting affirmative defenses.  CCB Dkt No. 91 (cleaned up).  The Board determined that Santora's filing did not comply with its requirements and set a new deadline of June 12, 2025 for him to respond to the amended counterclaim "using the response form provided by the Board as required by 37 C.F.R. § 222.10(a)."  CCB Dkt. No. 93 at 1 (citation modified).

On June 9, 2025—rather than respond to the amended counterclaim before the Board— Santora amended his complaint before this Court, alleging further wrongdoing in how the Board was handling the proceedings before it.  *See* ECF No. 18 at 4–10.

On June 12, 2025, after Santora failed to respond by the deadline, the Board dismissed his claim for failure to prosecute.  *See* ECF No. 19-2 (CCB Dkt. No. 100).  The next month, on July 8, 2025, the Board found that Santora had engaged in a pattern of bad-faith conduct throughout the proceedings by, among other things, "present[ing] fabricated quotations from statutory and

regulatory provisions and cit[ing] legal authorities on false premises." CCB Dkt. No. 105. Accordingly, the Board barred him from pursuing any claims before it for one year. *Id.* at 4–5 (citing 17 U.S.C. § 1506(y)(3)). A week later, with MGM and the Foundation's consent, the Board dismissed their amended counterclaim and closed the proceedings. *See* ECF No. 37-4 (CCB Dkt. No. 106).

Later that month, on July 31, 2025, Santora amended his complaint in this matter again with what is now his operative complaint. *See* ECF No. 52. And in August 2025, the Board moved to dismiss Santora's complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), *see* ECF No. 49, which Santora opposed, *see* ECF No. 53.

## II.    Legal Standards

Judicial review of the Board's proceedings is governed by the CASE Act. That statute provides that "[a]ctions of the Copyright Claims Officers and Register of Copyrights under this chapter in connection with the rendering of any determination are subject to judicial review as provided under section 1508(c) and not under chapter 7 of title 5," which is the Administrative Procedure Act ("APA"). 17 U.S.C. § 1503(g). Section 1508(c), in turn, allows the Court to vacate, modify or correct a "final or amended final determination"—only in these cases: (1) "the determination was issued as a result of fraud, corruption, misrepresentation, or other misconduct"; (2) if the Board "exceeded its authority or failed to render a final determination concerning the subject matter at issue"; and (3) "[i]n the case of a default determination or determination based on a failure to prosecute, . . . it is established that the default or failure was due to excusable neglect." 17 U.S.C. § 1508(c).

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S.

6

544, 570 (2007).  A plaintiff states a facially plausible claim when he "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The Court accepts as true "all well-pleaded factual allegations" and "construes reasonable inferences from those allegations in the plaintiff's favor."  *Sissel v. HHS*, 760 F.3d 1, 4 (D.C. Cir. 2014).  The Court must construe a pro se plaintiff's filings liberally.  *See Bowman v. Iddon*, 848 F.3d 1034, 1039 (D.C. Cir. 2017).  That means, among other things, considering factual allegations from all his filings, not just his complaint.  *Brown v. Whole Foods Mkt. Grp., Inc.*, 789 F.3d 146, 152 (D.C. Cir. 2015).  But none of that absolves him of the need to plead facts that plausibly establish a claim for relief.  *See Bickford v. United States*, 808 F. Supp. 2d 175, 179 (D.D.C. 2011).  "[M]ere conclusory statements" are not enough to establish a plausible claim, and courts "are not bound to accept as true a legal conclusion couched as a factual allegation."  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.*

## III.    Analysis

Santora's operative complaint—a hodgepodge of legal catchphrases and references to the proceedings before the Board—fails to allege a justiciable claim for relief under 17 U.S.C. § 1508(c) for several reasons.  While it alleges that the Board improperly handled the proceeding before it, the complaint never identifies a "final or amended final determination" it challenges along with facts that would otherwise satisfy the requirements of § 1508(c): that such a "determination was issued as a result of fraud, corruption, misrepresentation, or other misconduct"; that the Board "exceeded its authority or failed to render a final determination concerning the subject matter at issue"; or "[i]n the case of a default determination or determination based on a failure to

7

prosecute, . . . the default or failure was due to excusable neglect." Indeed, "judges are not like pigs, hunting for truffles buried in the administrative record," *Endangered Species Comm. of Bldg. Indus. Ass'n of S. Cal. v. Babbitt*, 852 F. Supp. 32, 40 n.3 (D.D.C. 1994), *as amended on reconsideration* (June 16, 1994). And Santora cannot "expect the Court to decide what claims [he] may or may not want to assert," *Kaufman v. IRS*, 787 F. Supp. 2d 27, 33 (D.D.C. 2011). Moreover, for the most part, Santora concedes the Board's arguments by failing to address them in his opposition.[3] For all these reasons, the Court will grant the Board's motion and dismiss the case.

"Count I" of the complaint—"APA violations"—fails right out of the gate. ECF No. 52 at 3. Santora asserts that the Board acted "arbitrarily" by "[i]gnoring the Perkins Coie email and Corsearch contract," "[v]iolating its candor rule," "[a]pplying rules inconsistently," "[f]ailing to maintain a proper docket," "violating federal procedural standards," and "[c]reating surprise interpretations without fair notice." *Id*. But as described above, "[a]ctions of the Copyright Claims Officers and Register of Copyrights . . . in connection with the rendering of any determination are subject to judicial review as provided under section 1508(c) and not under" the APA. 17 U.S.C. § 1503(g). Santora concedes this point in his opposition. *See* ECF No. 53 at 3. Further, as the Board argues, 1508(c) does not provide a cause of action to redress any alleged arbitrary action by it, and by failing to address this argument further, Santora has conceded it. *See* ECF No. 49 at 26, 28–29. The Court dismisses it for that reason. In any event, Santora does not plead any facts that plausibly allege arbitrary action under the APA's standards.

---

[3] Under Local Civil Rule 7(b), "when a plaintiff files a response to a motion to dismiss but fails to address certain arguments made by the defendant, the court may treat those arguments as conceded, even when the result is dismissal of the entire case," *Stephenson v. Cox*, 223 F. Supp. 2d 119, 121 (D.D.C. 2002), and even when, as here, the plaintiff proceeds pro se, *see, e.g.*, *Rhodes v. Superior Ct. of the D.C.*, 303 F. Supp. 3d 1, 5 (D.D.C. 2018).

In "Count II," Santora challenges three allegedly "ultra vires" Board actions—a "[f]raud adjudication" which he seems to say is barred by 17 U.S.C. § 1506(c)(1), a "[c]opyrightability ruling" prohibited by "the Major Questions Doctrine," and a "[b]ad faith merits ruling" forbidden by § 1506(y). ECF No. 52 at 3. As the Board argues, in Count II Santora also fails to allege a justiciable claim for relief under § 1508(c). ECF No. 49. And again, Santora has conceded its arguments by failing to address them, *see* ECF No. 53, so the Court dismisses it for that reason. In any case, this count does not identify a "final or amended final determination" to which it is directed and does not allege facts that would otherwise satisfy one of the § 1508(c) scenarios, in particular, that the Board "exceed[s] its authority . . . concerning the subject matter at issue." 17 U.S.C. § 1508(c). For example, the count does not identify the specific Board actions that Santora asserts were beyond its statutory authority or plausibly allege how any of its actions violated the "Major Questions Doctrine" or the seemingly inapposite statutory provisions identified.[4] *See* ECF Nos. 52, 53. In sum, the complaint fails to allege that the Board took "action entirely in excess of its delegated powers and contrary to a *specific prohibition* in a statute." *Vera Inst. of Just. v. DOJ*, 25-cv-1643 (APM), 2025 WL 1865160, at *37 (D.D.C. July 7, 2025) (emphasis in original) (citation modified) (quoting *Nuclear Regul. Comm'n v. Texas*, 605 U.S. 665, 666 (2025)).[5]

---

[4] The Court acknowledges that "[j]udicial review is available when an agency acts ultra vires," even if a statutory cause of action—such as under § 1508(c)—is lacking. *Aid Ass'n for Lutherans v. United States Postal Serv.*, 321 F.3d 1166, 1173 (D.C. Cir. 2003). Still, for the reasons explained, Santora has failed to state even a non-statutory ultra vires claim.

[5] Santora appears to oppose the Board's motion with respect to Count II solely on the grounds that it "structural[ly] default[ed]" because "[t]he Attorney General, the only officer authorized to defend the constitutionality of federal statutes, declined to intervene" under Federal Rule of Civil Procedure 5.1. ECF No. 53 at 1; *see also id.* at 2 (asserting that "CCB's lawyers lack constitutional standing to contest Plaintiff's claims"). Not so. Santora has already twice moved for relief based on this misapplication of Rule 5.1, *see* ECF Nos. 34, 35, and the Court has twice denied him. As the Court explained before, "Rule 5.1 permits the Attorney General to intervene

The complaint's third count—"Absence of Valid Counterclaim"—alleges that dismissal of Santora's claim before the Board for failure to prosecute was supposedly "legally baseless," *see* ECF No. 52 at 4, 6, because MGM and the Foundation did not file their amended counterclaim using the required "eCCB" electronic form, and the Board did not issue a notice of compliant counterclaim. *See id.* at 4–5.[6] Thus, Santora alleges, "[b]ecause no valid counterclaim exist[ed], [he] cannot be said to have failed to prosecute or respond." *Id.* at 6. Again, for the reasons the Board argues, Santora fails to allege a justiciable claim for relief under § 1508(c). And again, Santora has conceded its arguments by failing to address them, and the Court dismisses it for that reason.

Still, even if these arguments had not been conceded, the third count fails on the merits as well. Even assuming this count identifies the Board's dismissal of Santora's claim for failure to prosecute as the "final or amended final determination" it challenges, it does not allege facts that would otherwise satisfy the requirements of 17 U.S.C. § 1508(c).

A party may challenge the Board's "default determination or determination based on a failure to prosecute," if it "establish[es] that the default or failure was due to excusable neglect." 17 U.S.C. § 1508(c). But Santora does not allege anything of the sort. Nor does Santora allege facts that plausibly suggest that the determination was issued "as a result of fraud, corruption, misrepresentation, or other misconduct," even assuming this prong of the statute is available to him given that his claim was dismissed for failure to prosecute. *Id.* In fact, as the Board points

---

in cases challenging the validity of a federal statute 'so that the United States *may* . . . defend the statute under attack.' But here, the [Board] is a component of the federal government represented by the Department of Justice, so that rule is inapposite." Minute Order of Jan. 12, 2026 (emphasis added) (quoting *United States v. Pinkerton*, 694 F. App'x 652, 653 (10th Cir. 2017)).

[6] The Court construes what Santora labels as "Addendum 1" as a third count, ECF No. 52 at 4, "Addendum 2" as a fourth count, *id.* at 6, and "Addendum 3" as a fifth count, *id.* at 7.

out, his claim was dismissed for failure to prosecute not because of any technical problem with MGM and the Foundation's counterclaim, but because of his own, independent failure to properly respond to that counterclaim, including his failure to "provide . . . contact information required by 37 C.F.R. § 222.10(b)(1)," a "statement describing the dispute in detail required by 37 C.F.R. § 222.10(b)(3)," and "a certification signed under penalty of perjury 'that the information provided in the response to the counterclaim is accurate and truthful to the best of [his] . . . knowledge,' as required by 37 C.F.R. § 222.10(b)(7)." ECF No. 37-10 (CCB Dkt. 93). Moreover, the Board's alleged conduct with respect to MGM and the Foundation's counterclaim hardly fits the bill for fraud or corruption. At least arguably, the Board's regulations did not require MGM and the Foundation to use an eCCB form for their *amended* counterclaim, *see* ECF No. 49 at 28–29 (citing 37 C.F.R. § 222.12(d)), which the Board "viewed . . . as a simple clarification of the existing counterclaim that was previously found to be compliant." ECF No. 49 at 29. And Santora is just wrong when he alleges that the Board never issued a notice of compliant counterclaim, which the docket reflects. *See* CCB Dkt. No. 41.

The fourth count is titled "Pattern of Administrative Bad Faith Warranting Sanctions." In it, Santora alleges that the Board's hearing officer engaged in a "pattern of administrative bad faith" by, among other things, "selectively enforc[ing]" the Board's procedural requirements against him and "engineer[ing] [his] default through . . . manipulation." ECF No. 52. In sum, he alleges that the Board improperly "allowed [MGM and the Foundation] to proceed without the mandatory . . . counterclaim form while punishing [him] for identical conduct." *Id.* at 7. Again, as the Board argues, Santora fails to allege a justiciable claim for relief under section 1508(c). And again, Santora has conceded this argument by failing to address it. Moreover, even if it had not been conceded, the fourth count fails on the merits as well, because it does not allege facts that

11

would otherwise satisfy the requirements of 17 U.S.C. § 1508(c), for essentially the same reasons described above with respect to the third count.[7]

In addition, the Court notes that it lacks authority to award the relief that Santora requests in connection with this count.  Santora alleges that the Board's "abuse [of] the administrative process under color of authority" and "exploit[ation]" of his "pro se status . . . warrant Rule 11 sanctions, attorney[s]fees, and individual liability."  ECF No. 52 at 6.  But

> [E]ven if this Court had jurisdiction over the [Board] proceedings[,] . . . it could not, at least with regard to Rule 11, impose sanctions for any conduct that occurred during those administrative . . . proceedings.  This is because Rule 11 (and all Federal Rules of Civil Procedure, for that matter) applies only 'in all *civil* actions and proceedings in the United States district court.'

*D'Alfonso v. Holder*, 09-cv-1971 (RBW), 2011 WL 13244458, at *3 (D.D.C. Mar. 31, 2011) (emphasis in original) (quoting Fed. R. Civ. P. 1).  Moreover, Santora's asserted bases for attorneys' fees and costs—28 U.S.C. § 1927, 5 U.S.C. § 504, and the "Court's inherent authority"—are unavailing as well.  First, 28 U.S.C. § 1927 permits an award of fees and costs from "[a]ny attorney or other person admitted to conduct cases *in any court of the United States or any Territory*" who "unreasonably and vexatiously" "multiplies the proceedings." (emphasis added).  But the Board is not a "court of the United States or any Territory."  Second, 5 U.S.C. § 504(a)(1) provides that "[a]n agency that conducts an adversary adjudication shall award, *to a prevailing party* other than the United States, fees and other expenses incurred by that party in connection with that

---

[7] In the fourth count, as well as in a few other places, the complaint references certain constitutional provisions and concepts.  The Board argues that these stray references do not state constitutional claims for relief.  *See* ECF No. 24 at 23.  Santora does not address that argument, which is therefore conceded, or otherwise explain how any such constitutional claim against the Board would be justiciable.  In any event, the Court agrees that the complaint does not allege specific facts that plausibly make out any constitutional violation, especially upon the Court's consideration of the entire docket reflecting the Board's proceedings.

proceeding." (emphasis added).  Santora did not prevail before the Board and, in any case, *the Board*—not a district court—is permitted to award attorneys' fees and costs to an adversely affected party from "a party [that] pursued a claim, counterclaim, or defense for a harassing or other improper purpose, or without a reasonable basis in law or fact."  17 U.S.C. § 1506(y)(2).  Finally, Santora points to no "inherent authority" that the Court possesses to award attorneys' fees and costs for conduct before the Board.

Finally, in a fifth count titled "Deferred But Unresolved Sanctions Requests Constituting Live Procedural Defect," the complaint alleges that the Board's failure to adjudicate three motions "identifying [MGM's] fraudulent conduct and bad faith," constitutes a "failure to render a final determination under 17 U.S.C. § 1508(c)(1)(B)."  ECF No. 52 at 9–10.  Santora further asserts that the Board's orders deferring ruling on his motions included "sealed, unsigned, and procedurally irregular 'Docket Notes'" in violation of 17 U.S.C. § 1506 and 37 C.F.R. § 220.1.  *Id.* at 9.

The Board argues that Santora fails to allege a justiciable claim for relief under section 1508(c) for several reasons.  The Board points out that Santora's "motions . . . *were* specifically denied," ECF No. 49 at 31 (emphasis added) (citation modified)—a fact Santora himself acknowledges in the complaint, *see id.* ("[I]n the 'Statement of Facts' section of the [complaint], Mr. Santora acknowledges that these motions were denied" by Board "[o]rder[s] denying bad faith conference.") (quoting ECF No. 37-3 at 2).  And, the Board says, even if its hearing officer deferred ruling on the merits of Santora's motions, "after the CCB determined that dismissal of [his] claim was required due to [his] failure to prosecute his claim, any such obligation to provide a determination on the merits was removed."  ECF No. 49 at 33 (citation modified) (citing 37 C.F.R. § 220.1(e)).  As for Santora's claim of "procedural[] irregular[ity]," the Board counters that "Docket Notes are not 'procedurally irregular'" but are simply "text-only order[s] [that] do not

include an attached document" "similar to a District Court Minute Order."  ECF No. 49 at 32.  The Board further argues that 17 U.S.C. § 1506 and 37 C.F.R. § 220.1 are inapposite and irrelevant. *See id.* (asserting that neither § 1506(f) nor 37 C.F.R. § 220.1 address its orders or regulatory obligations).  In response, Santora says that the Board's arguments raise "a factual dispute about prior misconduct rulings" and "[s]uch disputes may be raised at summary judgment, not Rule 12(b)(6)." ECF No. 53 at 3–4.

The Board counters that for the most part, Santora fails to meaningfully respond to its arguments for dismissal, *see* ECF No. 54, and so the Court will—at least with respect to the alleged "procedural irregularity" of the Board's "Docket Notes"—treat them as conceded.  The Court need not parse further whether other arguments are conceded, because on the merits, the fifth count does not allege a justiciable claim under section 1508(c) for the Board's alleged failure to "render a final determination concerning the subject matter at issue."  17 U.S.C. § 1508(c).  The Court is aware of no authority suggesting that the Board was required to address the merits of the motions Santora identifies after it dismissed his claim for failure to prosecute, which was itself the "final determination" concerning the subject matter at issue.  *See* C.F.R. § 220.1(e) ("A final determination generally assesses the merits of the claims in the proceeding, except when issued to dismiss a claimant's claims for failure to prosecute.").  Moreover, for obvious reasons, such an obligation would make no sense.

## IV.    Conclusion

For all the above reasons, the Court will grant the Board's motion and dismiss the case.  A separate order will issue.

/s/ Timothy J. Kelly
TIMOTHY J. KELLY
United States District Judge

Date: March 26, 2026

14