**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| FRANCESCO SANTORA, | |
| Plaintiff, | No. 25-cv-01055 |
| v. | |
| COPYRIGHT CLAIMS BOARD, | Judge Timothy J. Kelly |
| Defendant. | |

**DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION UNDER FED. R. CIV. P. 59(e) TO ALTER OR AMEND JUDGMENT AND FOR LEAVE TO FILE THIRD AMENDED AND SUPPLEMENTAL PETITION FOR REVIEW**

Defendant, the Copyright Claims Board (the CCB), hereby submits its response in opposition to Plaintiff, Francesco Santora's Motion Under Fed. R. Civ. P. 59(e) to Alter or Amend Judgment and for Leave to File Third Amended and Supplemental Petition for Review (Motion to Amend). On March 27, 2025, Mr. Santora filed his Motion to Amend and requests that the Court, *inter alia*, "alter or amend the judgment" and "grant leave to file the attached Third Amended and Supplemental Petition for Review." Dkt. 62 at 2. Mr. Santora's Motion to Amend does not address the standard under Rule 59(e) and the proposed amended complaint does not cure the deficiencies in the operative complaint. As such, the Motion to Amend should be denied.

Additionally, the Motion to Amend does not include the required Local Rule 7(m) statement and Mr. Santora again did not confer with counsel for the CCB prior to filing his motion. The Motion to Amend is the tenth motion filed by Mr. Santora that fails to adequately comply with Local Rule 7(m). *See* Dkt. 58 at 1. Pursuant to the Court's Standing Order, the Court may deny the motion on this ground alone. *See* Dkt. 2 at 2 ("The Court may deny any

1

non-dispositive motion that fails to include the required statement."); *see also, e.g.*, Min. Order, July 28, 2025; Min. Order, March 26, 2026.

## BACKGROUND

On March 26, 2026, the Court issued its Order granting the CCB's Motion to Dismiss, Dkt. 60, and its Memorandum Opinion, Dkt. 61. The Court's Memorandum Opinion detailed, *inter alia*, how Mr. Santora's operative complaint, the Amended Petition for Review of Agency Action (Second Amended Complaint), Dkt. 52, "fails to allege a justiciable claim for relief under 17 U.S.C. § 1508(c)" including that "the complaint never identifies a 'final or amended final determination' it challenges along with facts that would otherwise satisfy the requirements of § 1508(c)." Dkt. 61 at 7 (quoting § 1508(c)(1)).

On March 27, 2026, Mr. Santora filed the instant Motion to Amend. *See* Dkt. 62. The Motion to Amend states "[t]he Court's dismissal rested on the conclusion that the operative petition did not properly present a reviewable challenge to a final CCB determination under 17 U.S.C. § 1508(c)" and Mr. Santora "seeks to cure that precise defect by filing a narrowed Third Amended and Supplemental Petition that expressly identifies and challenges the final CCB determinations under § 1508(c)." *Id.* at 2. The Motion to Amend includes a proposed Amended and Supplemental Petition for Review (proposed Third Amended Complaint). *See* Dkt. 62-3.

## ARGUMENT

Rule 59(e) motions are "'disfavored,' and the movant has the burden of establishing 'extraordinary circumstances' warranting relief from a final judgment." *Kialegee Tribal Town v. U.S. Department of the Interior*, Civil Action No. 21-0590 (CKK), 2024 WL 5283898, *1 (D.D.C. Aug. 12, 2024) (quoting *Niedermeier v. Off. of Baucus*, 153 F. Supp. 2d 23, 28 (D.D.C. 2001)). Moreover, such motions are "discretionary and need not be granted unless the district

court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (quotations and citations omitted).

Whether a dismissal is with or without prejudice may impact the Court's analysis under Rule 59(e). The D.C. Circuit has held that, in the context of Rule 59(e), when a party moves for reconsideration of an erroneous dismissal with prejudice and seeks leave to amend, the motion for reconsideration "should be granted unless 'the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.'" *Brink v. Cont'l Ins. Co.* 787 F.3d 1120, 1128 (D.C. Cir. 2015) (quoting *Firestone*, 76 F.3d at 1209). "*Brink*'s permissive standard for reconsidering a judgment based on newly alleged facts applies even to complaints that have been dismissed on their merits for failing to state a plausible claim." *Bernier v. Allen*, No. 16-CV-00828 (APM), 2020 WL 4047953, at *3 (D.D.C. July 20, 2020) (citing *Brink*, 787 F.3d at 1128-29). "This rule, however, applies only where the plaintiff's complaint was dismissed *with prejudice*." *Camire v. Alcoa USA Corp.*, Civil Action No. 24-1062 (LLA), 2026 WL 508003, *3 (D.D.C. Feb. 24, 2026) (emphasis in original) (citing *Brink*, 787 F.3d at 1128) (denying a Rule 59(e) motion and motion for leave to amend because the matter was dismissed without prejudice and "Plaintiffs therefore 'do not need any relief from this Court in order to file the Proposed Amended Complaint in a separate action in this judicial district.'") (quoting *Mouzon v. Radiancy, Inc.*, 309 F.R.D. 60, 66 (D.D.C. 2015)).

As the Motion to Amend does not meet either the *Brink* permissive standard or the more stringent standard of Rule 59(e), the Court should deny Mr. Santora's Motion.

## I.    The Proposed Third Amended Complaint Does Not Cure the Deficiencies

"Rule 41(b) contemplates that a Rule 12(b)(6) dismissal ordinarily operates as a dismissal with prejudice, unless the district court in its discretion states otherwise." *Rollins v. Wackenhut Services, Inc.*, 703 F.3d 122, 133 (D.C. Cir. 2012) (Kavanaugh, J., concurring); *see also Bernier*, 2020 WL 4047953, *3 n.2.  Thus, while the Court's Order and Memorandum Opinion do not explicitly state whether the dismissal was with or without prejudice, *see* Dkt. 60; Dkt. 61, the CCB understands the dismissal to be with prejudice.[1]  And assuming the dismissal was with prejudice, the Court should deny Mr. Santora's Motion to Amend because the proposed Third Amended Complaint does not "cure the deficienc[ies]" detailed in the Court's Memorandum Opinion.  *Firestone*, 76 F.3d at 1209 (quotations and citations omitted); *see also In re Interbank Funding Corp. Securities Litigation*, 629 F.3d 213, 218 (D.D.C. 2010) ("a district court may properly deny a motion to amend if the amended pleading would not survive a motion to dismiss") (citations omitted).

The proposed Third Amended Complaint states that review is sought under 17 U.S.C. § 1508(c)(1)(C) and § 1508(c)(1)(B) and identifies the CCB's June 13, 2025 "final determination."  Dkt. 62-3 at 1-2.  However, these assertions do not cure all of the deficiencies identified in the Court's Memorandum Opinion.  The proposed Third Amended Complaint "could not possibly cure the deficienc[ies]," *Firestone*, 76 F.3d at 1209, because it still fails to identify "facts that would otherwise satisfy the requirements of § 1508(c)," Dkt. 61 at 7.

---

[1] Mr. Santora does not claim that dismissal with prejudice was erroneous in his Motion to Amend.  *See* Dkt. 62.  The CCB contends that dismissal with prejudice is fully justified here. *See, e.g.*, *Firestone*, 76 F.3d at 1209 ("A dismissal *with prejudice* is warranted only when a trial court 'determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.'") (emphasis in original) (quoting *Jarrell v. United States Postal Serv.,* 753 F.2d 1088, 1091 (D.C. Cir. 1985)).

As to "Count I" "Review under 17 U.S.C. § 1508(c)(1)(C)," the proposed Third Amended Complaint includes mere conclusory statements. *See* Dkt. 62-3. The proposed Third Amended Complaint simply concludes that because Mr. Santora "continued to file submissions," this "conduct consisted of ongoing participation" and that "permit[s] a reasonable inference that the failure-to-prosecute determination arose from procedural dispute and confusion rather than abandonment." *Id.* at 3. However, pursuant to § 1508(c)(1)(C), Mr. Santora must allege facts that "establish[] that the default or failure was due to excusable neglect." Mr. Santora is required to provide "more than labels and conclusions," *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007), and he has not done so. *See, e.g.*, *Jones v. Perkins*, Case No. 19-cv-03168 (APM), 2021 WL 5774085, *2 (D.D.C. 2021) (denying a Rule 59(e) motion and leave to amend because "[t]he court dismissed th[e] claims because Plaintiff offered only conclusory assertions to support them [and] Plaintiff's proposed amended complaint fails to cure that deficiency"). As discussed in the Court's Memorandum Opinion, Mr. Santora's claim before the CCB was "dismissed for failure to prosecute . . . because of his own, independent failure to properly respond to [the] counterclaim." Dkt. 61 at 11 (citing Dkt. 37-10 (CCB Dkt. 93)); *see also* Dkt. 62-5 (CCB Dkt. 100).

As to "Count II" "Review under 17 U.S.C. § 1508(c)(1)(B)," the proposed Third Amended Complaint concludes that "[t]he Board exceeded its authority" and that it "lacked authority to convert a disputed procedural deficiency into a dismissal for failure to prosecute" but fails to provide any legal or factual basis to support these conclusions. Dkt. 62-3 at 3. Rather, the proposed Third Amended Complaint summarily concludes "[t]he Board's reliance on 37 C.F.R. § 222.10 to reject Plaintiff's response and characterize the matter as [a] failure to prosecute exceeded the authority conferred under the governing statutory framework." *Id.* This

legal conclusion is "not entitled to the assumption of truth" and is insufficient to meet the pleading requirements. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The proposed Third Amended Complaint does not state a claim pursuant to § 1508(c)(1)(B) and does not "cure the deficienc[ies]," *Firestone*, 76 F.3d at 1209, detailed in the Court's Memorandum Opinion. *See* Dkt. 61.

Lastly, as to the "Constitutional Implications" count, the proposed Third Amended Complaint simply states, "Plaintiff preserves constitutional objections arising from the structure and conduct of the CCB proceeding. These issues are not asserted as independent jurisdictional bases but are preserved for consideration if the Court reaches the merits." Dkt. 62-3 at 4. As stated, there is no jurisdictional basis for this claim or any asserted facts. *See id.* The claim is improper and futile on its face.

## II.  The Motion to Amend Does Not Meet or Even Address the High Standard Under Rule 59(e)

Additionally, if one assumes the dismissal to be without prejudice, the Court should deny the Motion to Amend. The Motion to Amend does not satisfy the stringent standard of Rule 59(e) for setting aside a judgment. Rule 59(e) motions are "discretionary and need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Firestone*, 76 F.3d at 1208 (quotations omitted). "[A] party cannot use a Rule 59(e) motion 'to raise arguments or present evidence that could have been raised prior to the entry of judgement.'" *Camire*, 2026 WL 508003, *4 (quoting *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008)).

Here, while Mr. Santora's Motion to Amend is stylized as a motion pursuant to Rule 59(e), Mr. Santora does not identify or address the limited circumstances under which a Rule

6

59(e) motion could be granted.  Mr. Santora does not identify any change of law, any new evidence, any clear error, or any manifest injustice.  *See* Dkt. 62.  Rather, Mr. Santora seeks to file "a narrowed Third Amended [Complaint] that expressly identifies and challenges the final CCB determinations under § 1508(c)."  Dkt. 62 at 2.  As Mr. Santora acknowledges, "[d]uring the pendency of this action the CCB issued final determinations."  *Id.* at 1.  Despite being alerted to the pleading deficiencies by the CCB's June 23, 2025 Motion to Dismiss, *see* Dkt. 24, Mr. Santora's subsequent Second Amended Complaint did not include an amendment to "challenge the final CCB determinations under § 1508(c)," Dkt. 62 at 2.  Mr. Santora could have and should have raised this argument prior to the entry of judgment and should not be permitted to use a Rule 59(e) motion to do so now.  *See, e.g.*, *Camire*, 2026 WL 508003, *4.  The Motion to Amend does not meet the standard under Rule 59(e) and therefore the Court should deny it.

The Motion to Amend does not satisfy the stringent standard of Rule 59(e) and the proposed Third Amended Complaint does not include any allegations of fact or law that could "possibly cure the deficienc[ies]," *Firestone*, 76 F.3d at 1209, detailed in the Court's Memorandum Opinion.  Therefore, the Motion to Amend should be denied.

*     *     *

**CONCLUSION**

For the reasons stated above, the CCB respectfully requests that the Court deny Mr.

Santora's Motion to Amend.

<table>
<tr><td></td><td>Respectfully submitted,</td></tr>
<tr><td>Of Counsel:<br>PHILIP CHARLES STERNHELL<br>Assistant Director<br>MARGARET S. HIBNICK<br>Trial Attorney<br>U.S. Dept. of Justice</td><td>BRETT A. SHUMATE<br>Assistant Attorney General<br><br>SCOTT BOLDEN<br>Director</td></tr>
<tr><td>EMILY L. CHAPUIS<br>General Counsel and<br>Associate Register of Copyrights<br>JOHN R. RILEY<br>Acting Deputy General Counsel<br>U.S. COPYRIGHT OFFICE<br><br>Dated:  April 10, 2026</td><td>/s/ Jenna Munnelly<br>JENNA MUNNELLY<br>Trial Attorney<br>Commercial Litigation Branch<br>Civil Division<br>Department of Justice<br>Washington, DC 20530<br>Email:  jenna.e.munnelly@usdoj.gov<br>Telephone:     (202) 616-1061<br><br>*Attorneys for the Defendant*</td></tr>
</table>