# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF COLUMBIA

FRANCESCO SANTORA, Plaintiff,
v.
COPYRIGHT CLAIMS BOARD, Defendant.

Civil Action No. 25-cv-01055 (TJK)

---

# PLAINTIFF'S SUR-REPLY IN FURTHER SUPPORT OF MOTION UNDER FED. R. CIV. P. 59(e) TO ALTER JUDGMENT AND FOR LEAVE TO FILE PETITION FOR REVIEW

## PRELIMINARY STATEMENT

Plaintiff submits this sur-reply to address new mischaracterizations introduced in Defendant's opposition and to clarify the statutory and procedural framework governing review under 17 U.S.C. § 1508(c). The government's position, taken as a whole, would render § 1508(c) review functionally unavailable in every procedural posture. Rule 59(e) exists to prevent precisely that kind of procedural foreclosure.

---

## I. INTRODUCTION

Defendant's opposition does not engage the claim Plaintiff actually presents. Instead, it advances shifting procedural arguments that, taken together, would leave no point at which Plaintiff could have invoked § 1508(c).

Defendant contends that Plaintiff could not bring a § 1508(c) claim before a final determination existed, that doing so during the CCB proceeding would improperly interfere with that proceeding, that amendment during the pendency of this case would not cure the operative complaint, and that Plaintiff is now too late to amend.

Defendant offers no explanation for when § 1508(c) review could properly be sought if each stage is deemed improper. That position is not a coherent application of the

statute—it is a procedural dead end that would render the statute's review provision functionally unavailable.

---

## II. DEFENDANT'S TIMING ARGUMENT FAILS

Defendant argues that Plaintiff "could have raised this earlier." That is incorrect.

A § 1508(c) claim requires a final determination. At the time of the operative pleadings, no such determination existed. Defendant identifies no rule requiring immediate amendment upon issuance of a determination, nor any authority barring supplementation after judgment where a claim becomes viable during the pendency of the case.

This is not a reargument of prior claims; it is the first procedural opportunity to present a claim in the posture required by the statute.

Where a plaintiff seeks to cure a defect identified by the Court after entry of judgment, Rule 59(e) operates in conjunction with Rule 15(a), and leave to amend should be freely granted when justice so requires. *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996); *Ciralsky v. CIA*, 355 F.3d 661, 673 (D.C. Cir. 2004).

---

## III. DEFENDANT'S POSITION IS INTERNALLY INCONSISTENT

Defendant's arguments cannot be reconciled. It asserts that:

- the CCB is not subject to review before a final determination;
- federal court involvement during the CCB proceeding would be improper;
- amendment during the pendency of this case would not cure the operative complaint; and
- amendment is now untimely.

Taken together, these positions eliminate every procedural path for invoking § 1508(c). Defendant does not—and cannot—identify any point at which Plaintiff could have properly brought this claim.

Defendant's position therefore does not merely challenge timing; it eliminates any procedurally valid moment to invoke § 1508(c) at all. Courts do not interpret statutes in a manner that renders their review provisions functionally unavailable.

---

## IV. DEFENDANT FAILS TO ADDRESS THE THRESHOLD STATUTORY ISSUE

The threshold issue presented by the proposed petition is whether the Board applied the correct statutory category when it characterized Plaintiff's conduct as a "failure to prosecute."

Plaintiff alleges that he continued to participate in the proceeding, including a May 30 filing and subsequent submissions, yet the Board relied on 37 C.F.R. § 222.10 to classify that conduct as a failure to prosecute. If those allegations are true, the question is not whether the Board reasoned correctly, but whether it invoked the correct statutory category at all.

That is a threshold statutory issue bearing directly on whether the determination falls within 17 U.S.C. § 1508(c). Defendant does not address that issue. Instead, it reframes the claim as a disagreement with the Board's reasoning.

Defendant offers no textual analysis, structural argument, or authority showing that such a misclassification falls outside the statute's review provisions. Its failure to engage that issue is dispositive at the futility stage.

## V. DEFENDANT FAILS TO ESTABLISH FUTILITY

Plaintiff cured the defect identified by the Court by expressly identifying a reviewable final determination and tying his claims to § 1508(c). The proposed petition further alleges concrete facts—including Plaintiff's May 30 filing, continued participation, and the Board's reliance on 37 C.F.R. § 222.10—supporting a plausible claim.

Defendant does not show that this claim fails as a matter of law. It cites no authority interpreting § 1508(c) to exclude review of whether the Board correctly classified conduct as a failure to prosecute and offers no analysis supporting that limitation.

At the pleading stage, that failure is dispositive.

This omission mirrors Defendant's earlier unsupported assertion that the CCB was immune from judicial review prior to a final determination. Defendant now advances a comparable unsupported limitation on review under § 1508(c). In both instances, it asks the Court to adopt restrictions on judicial review that the statute itself does not impose.

## VI. RULE 59(e) DOES NOT BAR RELIEF

Defendant misapplies Rule 59(e) by treating this motion as reargument.

Plaintiff seeks post-judgment relief in conjunction with amendment and supplementation under the framework recognized in *Foman v. Davis*, 371 U.S. 178, 182 (1962), and applied in this Circuit through *Firestone* and *Ciralsky*. The proposed petition directly cures the defect identified by the Court and incorporates the final determination that made the claim viable.

This is not relitigation; it is the first pleading that satisfies the Court's stated basis for dismissal.

---

## VII. DENIAL WOULD RESULT IN MANIFEST INJUSTICE

Denial operates as a dismissal with prejudice in practical effect. Section 1508(c) provides a limited window for judicial review, and that window has now expired. If amendment is denied, Plaintiff will be permanently foreclosed from obtaining judicial review.

This creates a straightforward fork. If denial is treated as with prejudice, the Court must account for the resulting manifest injustice under *Firestone* and *Brink v. Continental Ins. Co.*, 787 F.3d 1120 (D.C. Cir. 2015). If it is not treated as with prejudice, there is no basis to refuse amendment where the proposed petition cures the identified defect and causes no prejudice to Defendant.

Either way, Defendant's position fails.

The Court's prior ruling indicates that questions of legal sufficiency are resolved at dismissal rather than at the amendment stage. Under that framework, an earlier amendment would not have resulted in adjudication of the § 1508(c) claim, which further undermines Defendant's timing argument.

To the extent Defendant disputes whether Plaintiff's conduct may constitute "excusable neglect," courts apply a flexible equitable standard focused on the circumstances of the delay and the party's good faith. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). Although *Pioneer* arose in the bankruptcy context, its articulation of the excusable-neglect standard has been applied broadly. The allegations here—continued participation coupled with a procedural dispute—satisfy that standard at the pleading stage.

---

## VIII. DEFENDANT'S REMAINING ARGUMENTS DO NOT JUSTIFY DENIAL

Defendant's reliance on Local Rule 7(m) and generalized Rule 59(e) principles does not provide a substantive basis for denial and identifies no prejudice. The rule governs non-dispositive motions requiring conferral; it does not provide a basis to deny reconsideration of a final judgment under these circumstances.

---

## IX. CONCLUSION

Defendant offers no coherent basis for denying amendment. Its arguments would render § 1508(c) review unavailable in all procedural postures and fail to address the claim presented.

Plaintiff has cured the defect identified by the Court and now presents a claim that could not have been brought earlier. Defendant's position provides no rule under which that claim could have been timely presented.

The government's opposition cannot be reconciled into a coherent framework. The statute's review mechanism cannot be nullified by procedural artifice. Rule 59(e) provides the mechanism for correction, and justice requires reopening.

Reopening this case accords with Rule 1's mandate for the just, speedy, and inexpensive determination of every action. Plaintiff's proposed petition cures the defect identified by the Court, presents a claim that could not have been brought earlier, and imposes no prejudice on Defendant. Denial would convert a procedural defect into permanent foreclosure of statutory review—an outcome the law does not permit.

For these reasons, Plaintiff respectfully requests that the Court grant the motion, alter or amend the judgment, reopen the case for the limited purpose of amendment, and accept the Third Amended and Supplemental Petition for Review.

---

Dated: April 13, 2026

Respectfully submitted,
/s/ Francesco Santora
Francesco Santora
Plaintiff, Pro Se